J-S19010-12

**NON-PRECEDENTIAL DECISION - SEE SUPERIOR COURT I.O.P. 65.37**

| COMMONWEALTH OF PENNSYLVANIA, | IN THE SUPERIOR COURT OF PENNSYLVANIA |
|---|---|
| Appellee | |
| v. | |
| RAYAN DANE HENRY, | |
| Appellant | No. 1513 MDA 2011 |

Appeal from the PCRA Order July 27, 2011
In the Court of Common Pleas of York County
Criminal Division at No(s): CP-67-CR-0004850-2004

BEFORE:  STEVENS, P.J., LAZARUS, J., and WECHT, J.

JUDGMENT ORDER BY LAZARUS, J.                **FILED OCTOBER 09, 2014**

Rayan Dane Henry appeals from the order entered in the Court of Common Pleas of York County denying his petition filed under the Post Conviction Relief Act ("PCRA"), 42 Pa.C.S.A. §§ 9541-9546.  We affirm.

On December 14, 2004, Henry entered a guilty plea to one count of Possession of a Controlled Substance with Intent to Deliver (PWID).[1]  On February 14, 2005, the court sentenced him to time served (22 days) to twelve months' incarceration.  Henry did not file post-sentence motions or a direct appeal.[2]  On April 7, 2011, Henry filed a PCRA petition, averring that

---

[1] 35 P.S. § 780-113(a)(30).

[2] Henry's petition is patently untimely.  His judgment of sentence became final on March 16, 2005, when the time expired to file a direct appeal from
*(Footnote Continued Next Page)*

at the time of his plea, counsel did not inform him that his conviction could result in a removal action by the United States Department of Immigration and Customs Enforcement. Henry maintained that such an allegation of ineffectiveness is now cognizable under **Padilla v. Kentucky**, 559 U.S. 356 (2010), and that since he was not informed of the removal proceedings until February 10, 2011, and such could not have been previously discovered through due diligence, his petition was timely. The PCRA concluded that Henry "has set forth no newly recognized right to avoid the one-year time limit." Trial Court Order, 7/27/2011.

We first note that eligibility for relief under the PCRA is governed by 42 Pa.C.S. § 9543, which provides in pertinent part:

(a) General rule.— To be eligible for relief under this subchapter, the petitioner must plead and prove by a preponderance of the evidence all of the following:

(1) That the petitioner has been convicted of a crime under the laws of this Commonwealth and is:

(i) *currently serving a sentence of imprisonment, probation or parole* **for the crime**;

(ii) awaiting execution of a sentence of death for the crime; or

(iii) serving a sentence which must expire before the person may commence serving the disputed sentence.

*(Footnote Continued)* ────────────────

his February 14, 2005 judgment of sentence. Henry had one year, or until March 16, 2006, in which to file a timely PCRA petition. The instant petition was filed on April 7, 2011, over six years after his judgment of sentence became final.

42 Pa.C.S. § 9543(a)(1)(i) (emphasis added). *See Commonwealth v. Ahlborn*, 699 A.2d 718 (Pa. 1997) (holding that plain language of this section requires denial of relief for petitioner who has finished serving sentence); *see also Commonwealth v. Turner*, 80 A.3d 754, 767 (Pa. 2013) (noting eligibility for relief under PCRA is limited to those serving sentence).

The record indicates that at the time Henry filed his PCRA petition, he was confined at the Bristol County House of Correction in North Dartmouth, MA, because the United States Department of Immigration and Customs Enforcement had detained him there as a result of his conviction. *See* PCRA Petition, 4/7/2011, at ¶¶ 2-3. His direct sentence for the crime of PWID, however, had elapsed. Henry, therefore, is ineligible for PCRA relief. 42 Pa.C.S. § 9543(a)(1)(i).

Even were Henry eligible for PCRA relief, his argument that his petition was timely filed under the "new recognized constitutional right" exception to the one-year time bar, *see* 42 Pa.C.S. § 9545(b)(1)(iii), also fails. In *Padilla*, decided on March 31, 2010, the United States Supreme Court held that counsel has an affirmative duty to inform defendant of the deportation consequences of his plea. However, in *Chaidez v. United States*, 133 S.Ct. 1103 (2013), the Court held *Padilla* does not apply retroactively. As this Court recently stated in *Commonwealth v. Descardes*, 2014 PA Super 210, (en banc) (filed September 23, 2014), "this is a claim that is not

subject to the timeliness exception of 42 Pa. Cons.Stat.Ann. § 9545(b)(1)(iii), as **Padilla** did not recognize a new "constitutional right."" **Id**. at *3, n.5, quoting **Commonwealth v. Garcia**, 23 A.3d 1059, 1064 (Pa. Super. 2011). In addition, as stated above, in **Chaidez** the Supreme Court ruled that **Padilla** has no retroactive effect. As **Padilla** does not apply retroactively, it could not serve as the basis for the untimely collateral attack on Henry's conviction, which was final when **Padilla** was decided. **See Descardes**, **supra**.

Order affirmed.[3]

President Judge Stevens did not participate in the consideration or decision of this case.

Judgment Entered.

Joseph D. Seletyn, Esq.
Prothonotary


Date: 10/9/2014

_____

[3] Our decision today is without prejudice to Henry's right to raise his claim in a writ of *coram nobis* under the appropriate circumstances. **See Chaidez**, 133 S.Ct. at 1106 n. 1.

- 4 -