J-S51037-14

**NON-PRECEDENTIAL DECISION - SEE SUPERIOR COURT I.O.P. 65.37**

| | |
|---|---|
| COMMONWEALTH OF PENNSYLVANIA, | IN THE SUPERIOR COURT OF PENNSYLVANIA |
| Appellee | |
| v. | |
| ANTOINE MAURICE BLACK, | |
| Appellant | No. 367 MDA 2014 |

Appeal from the Order Entered January 22, 2014
In the Court of Common Pleas of Dauphin County
Criminal Division at No(s): CP-22-CR-0003493-2010

BEFORE:  BOWES, OTT and MUSMANNO, JJ.

CONCURRING STATEMENT BY BOWES, J.:          **FILED NOVEMBER 18, 2014**

Since each of Appellant's seven issues is premised on PCRA counsel ineffectiveness, claims which he failed to raise in response to the court's Pa.R.Crim.P. 907 notice of intent to dismiss after PCRA counsel was permitted to withdraw pursuant to ***Turner/Finley***,[1] he has waived all of his issues.  ***See Commonwealth v. Pitts***, 981 A.2d 875 (Pa. 2009).

Further, since Appellant represented himself on direct appeal, any preserved issues relative to his suppression hearing or trial had to be raised by him on direct appeal.  Appellant cannot allege his own ineffectiveness. ***Commonwealth v. Fletcher***, 986 A.2d 759, 778-779 (Pa. 2009); ***cf.***

---

[1] ***Commonwealth v. Turner***, 544 A.2d 927 (Pa. 1988); ***Commonwealth v. Finley***, 550 A.2d 213 (Pa.Super. 1988) (*en banc*).

*Commonwealth v. Green*, 709 A.2d 382 (Pa. 1998) (counsel cannot allege his own ineffectiveness). To the extent the learned majority opines that Appellant's fifth claim is not cognizable under the PCRA because it was waived, I find such reasoning imprecise.

Here, Appellant's claim is one of ineffectiveness, which is cognizable. However, as the majority astutely recognizes, Appellant represented himself on direct appeal and the suppression issue relative to the inventory search was preserved. Hence, Appellant's underlying inventory suppression claim is waived, and, as I have pointed out, he cannot allege his own ineffectiveness.

Although some cases have stated that waived claims are not cognizable under the PCRA, my view is that the more accurate legal assessment is that the person is not eligible for relief. *See Commonwealth v. Descardes*, 2014 PA Super 210 (*en banc*) (Bowes, J., concurring and dissenting). Where the claim challenges the defendant's sentence or conviction, it is cognizable. The distinction is important in light of decisions by this Court and our Supreme Court that have determined that non-cognizable claims can be raised via *habeas corpus* or *coram nobis*. *See Commonwealth v. West*, 938 A.2d 1034 (Pa. 2007); *Descardes*, *supra*. I do not read the majority's conclusion as suggesting that Appellant may raise the issue outside the PCRA.

For the aforementioned reasons, I concur in the result.