J-E04005-13

2014 PA Super 210

| COMMONWEALTH OF PENNSYLVANIA | IN THE SUPERIOR COURT OF PENNSYLVANIA |
|---|---|
| Appellant | |
| v. | |
| CLAUDE DESCARDES | |
| Appellee | No. 2836 EDA 2010 |

Appeal from the Order of September 24, 2010
In the Court of Common Pleas of Montgomery County
Criminal Division at No(s): CP-46-CR-0000617-2006

BEFORE: BENDER, P.J., FORD ELLIOTT, P.J.E., BOWES, J., PANELLA, J., DONOHUE, J., SHOGAN, J., LAZARUS, J., OLSON, J., and WECHT, J.

OPINION BY PANELLA, J.                    **FILED SEPTEMBER 23, 2014**

After pleading guilty to insurance fraud[1] and conspiracy to commit insurance fraud,[2] and serving a probationary sentence, Claude Descardes, a resident alien, left the country for personal business. United States immigration officials denied him re-entry due to his felony convictions. After unsuccessful attempts to withdraw his guilty plea, Descardes became aware that the United States Supreme Court decided ***Padilla v. Kentucky***, 559 U.S. 356 (2010), which held that a criminal defense attorney has an affirmative duty to inform a defendant that the offense for which he pleads

_____

[1] 18 Pa.Cons.Stat.Ann. § 4117(a)(5).

[2] 18 Pa.Cons.Stat.Ann. § 903.

guilty will result in his removal from the country. Descardes filed a petition for a writ of *coram nobis* relying on **Padilla**. In his petition, Descardes alleged that his guilty plea counsel was ineffective for failing to advise him of the adverse immigration consequences of his guilty plea. The trial court treated the *coram nobis* petition as a petition pursuant to the Post Conviction Relief Act ("PCRA"), 42 PA.CONS.STAT.ANN. §§ 9541-9546, and granted him relief.

In this appeal, we consider whether the trial court properly granted Descardes relief. Initially, we find that the trial court erred procedurally, and that it should have adjudicated the petition as a *coram nobis* petition. Further, we hold that Descardes is not entitled to relief due to the decision of the United States Supreme Court in **Chaidez v. United States**, ___ U.S. ___, 133 S.Ct. 1103 (2013), which held that **Padilla** does not apply retroactively.

A short discussion of the procedural background is necessary before we address the issues involved. As previously mentioned, Descardes, a Haitian national with resident alien status, pled guilty on August 9, 2006. On November 30, 2006, Descardes was sentenced to one year of probation and ordered to pay a $100.00 fine. Descardes did not pursue a direct appeal.

Subsequent thereto, Descardes left the United States but was denied re-entry due to his felony conviction.[3]  On December 7, 2009, Descardes filed a *Petition for Reconsideration and Review of Denial of Petition for Writ of Error Coram Nobis*, which raised, among other things, allegations that plea counsel was ineffective for failing to advise Descardes of the mandatory collateral consequence of deportation.  The trial court treated Descardes's petition as a petition for relief under the PCRA and dismissed the petition as untimely on March 12, 2010.

On April 6, 2010, Descardes filed a second petition for writ of *coram nobis* based on the United States Supreme Court's decision in **Padilla**, which held that a criminal defense attorney has an affirmative duty to inform a defendant that the offense for which he pleads guilty will result in his removal from the country.  Treating the petition as a PCRA petition, the

_____

[3] Under the Immigration and Naturalization Act, deportation is automatic upon a conviction of an "aggravated felony." 8 U.S.C. § 1227(a)(2)(A)(iii). The classified offenses include one that "involves fraud or deceit in which the loss to the victim exceeds $10,000."  8 U.S.C. § 1101(a)(43)(M).

The trial court and the parties contend that Descardes was deported. "Deportation" is defined as "[t]he act or an instance of removing a person to another country; esp., the expulsion or transfer of an alien from a country." BLACK'S LAW DICTIONARY, 471 (8th ed. 2004).  The United States did not deport Descardes.  Rather, he was denied reentry to the United States due to his felony convictions.  For our purposes here, it is a distinction without a difference; in either event, Descardes is not permitted in the United States. Therefore, we utilize the term and concept of deportation in this Opinion.

court vacated Descardes's judgment of sentence and ordered the August 9, 2006 guilty plea withdrawn. The Commonwealth then filed a timely appeal.

We must first consider whether the trial court properly treated Descardes's petition for a writ of *coram nobis* as a PCRA petition.

Preliminarily, we note that the PCRA contains a custodial requirement to be eligible for relief. **See Commonwealth v. Turner**, 80 A.3d 754, 767 (Pa. 2013) (noting eligibility for relief under the PCRA is limited to those serving a sentence). Under the PCRA, a petitioner must either be "currently serving a sentence of imprisonment, probation or parole for the crime" or "awaiting execution of a sentence of death for the crime" or "serving a sentence which must expire before the person may commence serving the disputed sentence." 42 PA.CONS.STAT.ANN. § 9543(a)(1)(i)-(iii). Descardes does not meet any of the foregoing three eligibility requirements. He completed his sentence by serving a one-year probationary sentence that expired in 2007. He was obviously not sentenced to death for insurance fraud and was not serving any other sentence that would toll the commencement of the sentence under dispute. He is therefore ineligible for PCRA relief. **See Turner**, 80 A.3d at 767 ("[O]ur legislature chose not to create any statutory entitlement to collateral review for defendants who have completed their sentences.").

The trial court, however, found that Descardes is nonetheless eligible for PCRA relief because under **Padilla** "deportation is not a 'collateral

consequence' of a guilty plea, but is in fact part and parcel of the punishment for the original crime, so that a person facing deportation as a result of criminal conviction is still eligible for [PCRA] relief … despite his original criminal sentence having expired." Trial Court Opinion, 9/24/10, at 2.

We agree that "deportation is a drastic measure" as, "at times," it is the "equivalent of banishment o[r] exile[.]" **Fong Haw Tan v. Phelan**, 333 U.S. 6, 10 (1948) (citation omitted). **See also Bridges v. Wixon**, 326 U.S. 135, 164 (1945) (Murphy, J., concurring) ("The impact of deportation upon the life of an alien is often as great if not greater than the imposition of a criminal sentence."). However, although deportation "is a penalty," **id**., it "is not, in a strict sense, a criminal sanction," despite its intimate relation to the criminal process. **Padilla**, 559 U.S. at 365. **See also United States v. Restrepo**, 999 F.2d 640, 647 (2d Cir. 1993).

Deportation is not a sentence and Descardes is not in custody. Therefore, he is not eligible for PCRA relief. **See**, **e.g.**, **Turner**. The PCRA court's reliance upon **Padilla** for the assertion that deportation constitutes a sentence for purposes of the PCRA eligibility provisions, although understandably sympathetic, is misplaced.

The question remains, however, whether the lower court properly treated Descardes's petition for a writ of *coram nobis* as a PCRA petition. The PCRA states that it "shall be the sole means of obtaining collateral relief

and encompasses all other common law and statutory remedies for the same purpose that exist when this subchapter takes effect, including habeas corpus and coram nobis*."* 42 PA.CONS.STAT.ANN. § 9542. The key consideration is whether the underlying claim is cognizable under the PCRA; if so, a petitioner "may *only* obtain relief under the PCRA." **Commonwealth v. Pagan**, 864 A.2d 1231, 1233 (Pa. Super. 2004) (emphasis in original). **See also Turner**, 80 A.3d at 767 ("The PCRA provides eligibility for relief for cognizable claims, … and is the sole means of obtaining collateral relief in Pennsylvania."); **Commonwealth v. West**, 938 A.2d 1034, 1043 (Pa. 2007) ("[T]he PCRA subsumes all forms of collateral relief … to the extent a remedy is available under such enactment.") (emphasis omitted); **Commonwealth v. Peterkin**, 722 A.2d 638, 640 (Pa. 1998) ("The writ [of *habeas corpus*] continues to exist only in cases in which there is no remedy under the PCRA.").

It is rare for a claim to fall outside of the ambit of the PCRA. **See Commonwealth v. Hackett**, 956 A.2d 978, 986 (Pa. 2008) (referring to claims that "fall outside the PCRA's statutory scheme" as "unique claims"); **Commonwealth v. Burkett**, 5 A.3d 1260, 1274 (Pa. Super. 2010) (referring to claims that do "not fit within the statutory scheme of the PCRA" as "rare instances"). For example, our Supreme Court found that a substantive due process challenge to the validity of recommitting the defendant to prison, after a nine-year delay in which he had mistakenly been

free on appeal bond, did not fall within the ambit of the PCRA. ***See West***. The Supreme Court has also held that an allegation that Canada violated the petitioner's rights under the International Covenant for Civil and Political Rights was not a cognizable PCRA claim. ***See Commonwealth v. Judge***, 916 A.2d 511 (Pa. 2007).

In turning to Descardes's claim, it is, in broad terms, one of ineffective assistance of plea counsel, a claim that is explicitly within the purview of the PCRA. ***See*** 42 PA.CONS.STAT.ANN. § 9543(a)(2)(ii). Descardes's *exact* claim, however, is predicated upon the Supreme Court's holding in ***Padilla***—that the Sixth Amendment requires defense counsel to advise defendant about the risk of deportation arising from a guilty plea. This particular claim of ineffective assistance of counsel did not exist until 2010 when the Supreme Court decided ***Padilla***, which was years after Descardes completed his sentence.[4] The time for pursuing a claim of ineffective assistance of counsel in a timely filed PCRA petition had long since expired.[5] Under the

---

[4] Prior to ***Padilla***, the law in Pennsylvania was that counsel "in providing adequate assistance to a criminal defendant contemplating a guilty plea" was "not required to advise a defendant of the collateral consequences of pleading guilty, including the immigration consequences which may result from the plea." ***Commonwealth v. Garcia***, 23 A.3d 1059, 1064 (Pa. Super. 2011) (citing ***Commonwealth v. Frometa***, 555 A.2d 92 (Pa. 1989)).

[5] As explained in ***Garcia***, this is a claim that is not subject to the timeliness exception of 42 PA.CONS.STAT.ANN. § 9545(b)(1)(iii), as ***Padilla*** did not recognize a new "constitutional right." 23 A.3d at 1064. In addition, as we
*(Footnote Continued Next Page)*

circumstances presented, we find that this is one of the rare instances where the PCRA fails to provide remedy for the claim.

As noted, Descardes sought relief not through the PCRA, but by filing a petition for writ of *coram nobis*.  This writ "provides a way to collaterally attack a criminal conviction for a person … who is no longer 'in custody' and therefore cannot seek habeas relief…." ***Chaidez***, \_\_\_ U.S. at \_\_\_, 133 S.Ct. at 1106 n.1 (citation omitted).  Indeed, in ***Chaidez***, the petitioner sought to avoid deportation by filing a writ of *coram nobis* to overturn her conviction by arguing that her attorney provided ineffective assistance by failing to advise her of the immigration consequences of pleading guilty. ***See id***., \_\_\_ U.S. at \_\_\_, 133 S.Ct. at 1106.

Because Descardes's specific ineffective assistance of counsel claim was not recognized until well after the time he had to file a timely PCRA petition, *coram nobis* review should be available to him.  Descardes is no longer in custody, thus the PCRA provides no relief, but he continues to suffer the serious consequences of his deportation because of his state conviction.  The trial court should have addressed his petition for a writ of *coram nobis*, not under the PCRA, but as a *coram nobis* petition.

Lastly, we must consider whether Descardes is entitled to relief when his claim is addressed as a petition for writ of *coram nobis*.  In ***Chaidez***, the

*(Footnote Continued)* ——————————

discuss below, in ***Chaidez*** the Supreme Court ruled that ***Padilla*** has no retroactive effect.

United States Supreme Court held that **Padilla** announced a new rule of constitutional law that is inapplicable on collateral review to a petitioner seeking a writ of *coram nobis* whose conviction had become final before **Padilla**. **See** \_\_\_ U.S. at \_\_\_, 133 S.Ct. at 1107-113. Put simply, "**Padilla** does not have retroactive effect." **Id**., at \_\_\_, 133 S.Ct. at 1105.

Therefore, as **Padilla** does not apply retroactively it may not serve as the basis for the collateral attack of Descardes's conviction, which was final when **Padilla** was decided. **See United States v. Amer**, 681 F.3d 211, 214 (5th Cir. 2012).

Order reversed. Case remanded for proceedings consistent with this Opinion. Jurisdiction relinquished.

President Judge Bender, President Judge Emeritus Ford Elliott, Judge Shogan, Judge Lazarus, and Judge Wecht join the opinion.

Judge Donohue concurs in the result.

Judge Bowes files a concurring and dissenting opinion in which Judge Olson joins, and Judge Donohue concurs in the result.

Judgment Entered.

Joseph D. Seletyn, Esq.
Prothonotary


Date: 9/23/2014