J-S37024-14

**NON-PRECEDENTIAL DECISION - SEE SUPERIOR COURT I.O.P. 65.37**

| | |
|---|---|
| COMMONWEALTH OF PENNSYLVANIA | IN THE SUPERIOR COURT OF PENNSYLVANIA |
| Appellee | |
| v. | |
| JAMSHID ASSADINIA | |
| Appellant | No. 1928 MDA 2013 |

Appeal from the PCRA Order dated October 22, 2013
In the Court of Common Pleas of Centre County
Criminal Division at No: CP-14-CR-0000411-2012

BEFORE: LAZARUS, STABILE, and MUSMANNO, JJ.

MEMORANDUM BY STABILE, J.:                    **FILED OCTOBER 09, 2014**

Appellant Jamshid Assadinia appeals from the October 22, 2013, order of the Court of Common Pleas of Centre County (trial court), which denied his request for collateral relief under the Post Conviction Relief Act (PCRA), 42 Pa.C.S. §§ 9541-46. Upon review, we dismiss this appeal because Appellant is not eligible for relief under the PCRA.

On June 5, 2013, Appellant filed a timely PCRA petition, alleging ineffective assistance of counsel on the basis that his attorneys failed to inform him of potential immigration consequences arising out of his plea of *nolo contendere*.[1] PCRA Petition, 6/5/13, at ¶ 11. Specifically, Appellant

_____

[1] As the trial court noted, on December 21, 2012, Appellant entered a negotiated *nolo contendere* plea to insurance fraud, 18 Pa.C.S. § 4117, and theft by deception, 18 Pa.C.S. § 3922. Trial Court Opinion, 10/22/13, at 1.
*(Footnote Continued Next Page)*

alleged that his attorneys failed to advise him that his conviction may result in his deportation to Iran, his country of origin. *Id.* at ¶ 24, 26. Appellant further alleged that, had he known of the immigration consequences, he would not have pled *nolo contendere*. *Id.* at ¶ 25.

Following a hearing, the trial court issued an order, denying Appellant's PCRA petition. In so doing, the trial court concluded:

> Based on the testimony heard at the PCRA hearing, the [trial court] finds [Appellant's attorneys] advised [Appellant] that there may be immigration consequences to his *nolo contendere* plea, and that [they] advised [Appellant] sufficiently to allow him to enter a knowing and voluntary plea. Therefore, the [trial court] believes [Appellant] was provided effective assistance of counsel.

Trial Court Opinion, 10/22/13, at 8. Appellant appealed to this Court.

On appeal, Appellant raises two issues for our review. First, Appellant argues that this Court should resolve the merits of his appeal, notwithstanding the fact that he no longer is serving a sentence of imprisonment, probation or parole.[2] Second, he argues that the trial court erred in denying his PCRA petition, because his trial counsel rendered ineffective assistance by failing to advise him of possible immigration

---
*(Footnote Continued)* ————————

"He was sentenced to concurrent sentences of ninety days to six months in the Centre County Correctional Facility." *Id.*

[2] It is uncontroverted that, on October 31, 2013, after the trial court's order denying Appellant's PCRA petition, Appellant completed his sentence. *See* Appellant's Brief at 10, 13; *see* Appellee's Brief at 3, 5; *see* Appellant's Reply Brief at 2.

consequences related to his plea of *nolo contendere* to insurance fraud and theft by deception.

We first turn to Appellant's argument that this Court should address the merit of his appeal (*i.e.*, his second argument) despite the fact that he completed his sentence. The law concerning eligibility for relief is well-settled.

To be eligible for relief under the PCRA, a petitioner must either be "currently serving a sentence of imprisonment, probation or parole for the crime" or "awaiting execution of a sentence of death for the crime" or "serving a sentence which must expire before the person may commence serving the disputed sentence." 42 Pa.C.S. § 9543(a)(1)(i)-(iii). Here, it is undisputed that Appellant does not meet *any* of the foregoing eligibility requirements, because he completed his sentence on October 31, 2013.

Our Supreme Court addressed this precise issue in ***Commonwealth v. Ahlborn***, 699 A.2d 718 (Pa. 1997). In ***Ahlborn***, the appellant finished his sentence after he filed his PCRA petition. ***Id.*** at 719. The Supreme Court denied him relief under the PCRA on the basis that he was not currently serving a sentence. ***Id.*** at 721. The Supreme Court specifically reasoned:

> The denial of relief for a petitioner who has finished serving his sentence is required by the plain language of the [PCRA]. To be eligible for relief a petitioner must be *currently* serving a sentence of imprisonment, probation or parole. To grant relief at a time when appellant is *not* currently serving such a sentence would be to ignore the language of the statute.

*Id.* at 720 (emphasis in original); *see also Commonwealth v. Hart*, 911 A.2d 939, 942 (Pa. Super. 2006) (noting that "[a]s soon as his sentence is completed, the petitioner becomes ineligible for relief, regardless of whether he was serving his sentence when he filed the petition.").

In light of our Supreme Court's decision in **Ahlborn**, we must conclude that Appellant's instant appeal must be dismissed. Appellant fails to meet the PCRA's eligibility requirements because he has completed his sentence.[3]

Appeal dismissed.

---

[3] Based on the outcome, we need not address Appellant's second argument on appeal. We note, however, this Court's recent *en banc* decision in **Commonwealth v. Descardes**, 2014 Pa. Super. 210, ___ A.3d ___, 2014 WL 4696243 (filed Sept. 23, 2014). In **Descardes**, the appellee pled guilty to insurance fraud and conspiracy to commit insurance fraud and was sentenced to one year of probation. **Descardes**, 2014 WL 4696243 at *1. His sentence became final before the United States Supreme Court decided **Padilla v. Kentucky**, 559 U.S. 356 (2010). **Id.** The appellee subsequently left the United States, but was denied re-entry because of his felony conviction. **Id.** Treating his petition for writ of *coram nobis* that was predicated on **Padilla** as a PCRA petition, the trial court vacated the appellee's judgment of sentence and ordered his guilty plea withdrawn. **Id.** On appeal, this Court concluded that the trial court erred in treating the appellee's *coram nobis* petition under the PCRA. **Id.** at 3. In so concluding, we noted "[the appellee] is no longer in custody, thus the PCRA provides no relief, but he continues to suffer the serious consequences of his deportation because of his state conviction." **Id.** As a result, we reasoned that "[b]ecause [the appellee's] . . . claim [under **Padilla**] was not recognized until well after the time he had to file a timely PCRA petition, *coram nobis* review should be available to him." **Id.**

Judgment Entered.

Joseph D. Seletyn, Esq.
Prothonotary

Date: 10/9/2014