J-S41025-15

**NON-PRECEDENTIAL DECISION - SEE SUPERIOR COURT I.O.P. 65.37**

| | |
|---|---|
| COMMONWEALTH OF PENNSYLVANIA | IN THE SUPERIOR COURT OF PENNSYLVANIA |
| Appellee | |
| v. | |
| MICHAEL MOSES DURANT | |
| Appellant | No. 1568 MDA 2014 |

Appeal from the PCRA Order September 11, 2014
In the Court of Common Pleas of Luzerne County
Criminal Division at No(s): CP-40-CR-0001191-2012

BEFORE:  ALLEN, J., LAZARUS, J., and PLATT, J.[*]

MEMORANDUM BY LAZARUS, J.:                    **FILED AUGUST 14, 2015**

Michael Moses Durant appeals from the order entered in the Court of Common Pleas of Luzerne County, dismissing his petition filed pursuant to the Post Conviction Relief Act (PCRA).[1]  Upon review, we affirm.

Durant entered a guilty plea before the Honorable Fred A. Pierantoni to one count of failure to comply with registration of sexual offenders requirements[2] on October 29, 2012.  Durant was sentenced on December

_____

[*] Retired Senior Judge assigned to the Superior Court.

[1] 42 Pa. C.S. §§ 9541-9546.

[2] S.B. 92, P.N. 1995 (2004), § 1, as enacted, 18 Pa.C.S. § 4915 (repealed 2013).  This is a provision of what was known as "Megan's Law III," now known as the Sex Offender Registration and Notification Act, which requires registration of sexual offenders.

19, 2012 to 36 to 72 months' incarceration followed by six months' probation; he did not file a direct appeal.

Durant filed a counseled PCRA petition on May 12, 2014 and amended the petition on July 18, 2014. Following a hearing on the matter, the trial court denied Durant's petition on September 11, 2014. The instant appeal was timely filed on September 17, 2014. As directed by the trial court, Durant filed a concise statement of matters complained of on appeal on September 30, 2014.

On appeal, Durant raises one issue:

Whether the [trial c]ourt erred in denying [Durant's] [PCRA petition] where [Durant] is currently serving an illegal sentence and is incarcerated in violation of the due process clause of both the Constitution of the United States and the Constitution of the Commonwealth of Pennsylvania[.]

Brief of Appellant, at 2.

Our standard and scope of review for the denial of a PCRA petition is well-settled. We review the PCRA court's findings of fact to determine whether they are supported by the record, and review its conclusions of law to determine whether they are free from legal error. *Commonwealth v. Spotz*, 84 A.3d 294, 311 (Pa. 2014). The scope of our review is limited to the findings of the PCRA court and the evidence of record, viewed in the light most favorable to the prevailing party at the trial level. *Id.*

Before we may consider the merits of Durant's claims, we must consider whether this appeal is properly before us.

> A PCRA petition, including a second or subsequent one, must be filed within one year of the date the petitioner's judgment of sentence became final, unless he pleads and proves one of the three exceptions outlined in 42 Pa.C.S. § 9545(b)(1). A judgment becomes final at the conclusion of direct review by [the Pennsylvania Supreme] Court or the United States Supreme Court, or at the expiration of the time for seeking such review. 42 Pa.C.S. § 9545(b)(3). The PCRA's timeliness requirements are jurisdictional; therefore, a court may not address the merits of the issues raised if the petition was not timely filed. The timeliness requirements apply to all PCRA petitions, regardless of the nature of the individual claims raised therein. The PCRA squarely places upon the petitioner the burden of proving an untimely petition fits within one of the three exceptions.

***Commonwealth v. Jones***, 54 A.3d 14, 16-17 (Pa. 2012) (citations and footnote omitted). Although the legality of a sentence may always be raised under the PCRA, such "claims must still first satisfy the PCRA's time limits or one of the exceptions thereto." ***Commonwealth v. Fahy***, 737 A.2d 214, 223 (Pa. 1999).

Durant was sentenced on December 19, 2012, and did not file a direct appeal. Thus, Durant's judgment of sentence became final on January 18, 2013, when his time to file a notice of appeal to this Court expired. ***See*** Pa.R.A.P. 903. Durant had one year from that date to file a PCRA petition, specifically, until January 18, 2014. However, Durant filed the instant PCRA petition on May 12, 2014, and amended the petition on July 18, 2014, such that the PCRA petition is untimely on its face. Thus, the PCRA court lacked jurisdiction to review the PCRA petition unless Durant pleaded and proved one of the statutory exceptions to the time-bar.

The three statutory exceptions for an untimely petition under the PCRA consist of the following:

> (i) the failure to raise the claim previously was the result of interference by government officials with the presentation of the claim in violation of the Constitution or laws of this Commonwealth or the Constitution or laws of the United States;

> (ii) the facts upon which the claim is predicated were unknown to the petitioner and could not have been ascertained by the exercise of due diligence; or

> (iii) the right asserted is a constitutional right that was recognized by the Supreme Court of the United States or the Supreme Court of Pennsylvania after the time period provided in this section and has been held by that court to apply retroactively.

42 Pa.C.S. § 9545(b)(1)(i)-(iii).  Additionally, a petition invoking a timeliness exception pursuant to the statute must "be filed within 60 days of the date the claim could have been presented."  *Id.* at § 9545(b)(2).

Durant's claim invokes the newly-recognized constitutional right exception in section 9545(b)(1)(iii); Durant bases his claim upon the holding in *Commonwealth v. Neiman*, 84 A.3d 603 (Pa. 2013), filed on December 16, 2013.  *Neiman* held that legislation amending Megan's Law, including the provision under which Durant pled guilty, violated the single subject rule in Article III, Section 3 of the Pennsylvania Constitution.  *Id.* at 605.  Durant asserts that since 18 Pa.C.S. § 4915 was invalidated by the *Neiman* decision, he is serving an illegal sentence that is subject to collateral review.

Durant cannot invoke the newly-recognized constitutional right exception in these circumstances.  First, *Neiman* did not recognize a new

constitutional right; rather, it held a statute unconstitutional based upon precedent interpreting the Pennsylvania Constitution's single subject rule. Secondly, **Neiman** has not been held to apply retroactively in the PCRA context. **See Commonwealth v. Abdul-Salaam**, 812 A.2d 497, 501 (Pa. 2002) (the court that recognized the new constitutional right must have "already held the new constitutional right to be retroactive to cases on collateral review.")

We note that had Durant made an identical argument regarding the legality of his sentence within a direct appeal, he would have been afforded the relief he seeks. **See Commonwealth v. Myers**, No. 1295 MDA 2014, unpublished memorandum at 16 (Pa. Super. filed July 31, 2015) (holding offenses created by appellant's convictions under Megan's Law III illegal and void, citing **Ex Parte Siebold**, 100 U.S. 371, 376 (1879) (conviction under void statute "is not merely erroneous, but is illegal and void and cannot be a legal cause of imprisonment")).

Here, because Durant seeks collateral relief and filed a PCRA petition, we have considered it pursuant to the PCRA. Indeed, facially, the instant matter is governed by the PCRA, as it asserts that Durant is serving an illegal sentence. The PCRA explicitly states that in providing an action for those serving illegal sentences, it "shall be the sole means of obtaining collateral relief" and that its provisions "encompass[] all other common law and statutory remedies for the same purpose that exist when this subchapter takes effect, including habeas corpus and *coram nobis*." 42

Pa.C.S. § 9542. However, claims that fall outside the sphere of the PCRA can be advanced by a petition for habeas corpus or *coram nobis*. **See Commonwealth v. Judge**, 916 A.2d 511 (Pa. 2007); **see also Commonwealth v. Descardes**, 101 A.3d 105 (Pa. Super. 2014) *appeal granted in part*, 112 A.3d 1207 (Pa. 2015) and *appeal denied*, 113 A.3d 278 (Pa. 2015).

Though the instant matter is not before us as a habeas corpus petition and ordinarily a challenge to the legality of a sentence is only to be decided as a PCRA petition, the circumstances here presented could appropriately be raised in a habeas corpus petition. This is because the statute under which Durant was convicted was held to be void in **Neiman**; it is as if the statute never existed. Thus, the charges for which Durant was convicted did not exist and his conviction is more precisely a void conviction rather than merely an illegal conviction. **Myers**, **supra**. This circumstance simply is not contemplated by the PCRA's timeliness provisions and blanket coverage of illegal sentences, making a habeas corpus petition appropriate.[3] **See Judge**, **supra**, at 520 (habeas corpus petition not subsumed by PCRA; claim was cognizable outside PCRA because the "[a]ppellant [was] not asserting

---

[3] A habeas corpus petition would be appropriate, rather than a *coram nobis* petition. **See Descardes**, **supra**, at 109 (*coram nobis* petition "provides a way to collaterally attack a criminal conviction for a person . . . who is no longer 'in custody' and therefore cannot seek habeas relief" (citation omitted)).

his innocence of the underlying crimes or that his sentence was illegal **when imposed**" (emphasis added)). Nevertheless, as this matter was raised within a PCRA petition, we are constrained to consider it pursuant to the PCRA.

For the foregoing reasons, we find that Durant's PCRA petition was untimely filed and that he failed to meet his burden of demonstrating an untimeliness exception applied. Thus, Durant is entitled to no relief under the PCRA.[4] *Jones*, *supra*; *Fahy*, *supra*.

Order affirmed.

Judgment Entered.

Joseph D. Seletyn, Esq.
Prothonotary

Date: 8/14/2015

---

[4] The trial court did not dismiss the petition on timeliness grounds. However, it is well settled that we are not limited by the trial court's rationale and may affirm its decision on any basis. *Blumenstock v. Gibson*, 811 A.2d 1029, 1033 (Pa. Super. 2002).