J-S50008-15

**NON-PRECEDENTIAL DECISION - SEE SUPERIOR COURT I.O.P. 65.37**

| | |
|---|---|
| COMMONWEALTH OF PENNSYLVANIA | IN THE SUPERIOR COURT OF PENNSYLVANIA |
| Appellee | |
| v. | |
| ANWAR SHARIF ALI ALI | |
| Appellant | No. 3508 EDA 2014 |

Appeal from the PCRA Order November 4, 2014
In the Court of Common Pleas of Montgomery County
Criminal Division at No(s): CP-46-CR-0003588-2004

BEFORE:  PANELLA, J., MUNDY, J., JENKINS, J.

MEMORANDUM BY PANELLA, J.                    **FILED SEPTEMBER 08, 2015**

Appellant, Anwar Sharif Ali Ali, proceeding *pro se*, seeks review of the denial of his petition for a writ of *habeas corpus*, and avers that the PCRA court erred in dismissing his petition as an untimely-filed Post Conviction Relief Act ("PCRA") petition.[1]  We affirm.

On October 18, 2005, Appellant entered into a negotiated plea of guilty to one count each of armed robbery and conspiracy to commit armed robbery. Pursuant to the agreement, the trial court imposed an aggregate sentence of five to ten years' incarceration and a consecutive term of eight years' probation.  Appellant did not file a direct appeal.  His judgment of sentence thus became final on November 17, 2005. **See** Pa.R.A.P. 903(a).

_____

[1] 42 Pa.C.A. §§ 9541-9546.

On October 16, 2006, Appellant filed a timely *pro se* PCRA petition. Counsel was appointed, but filed a petition for leave to withdraw and a no-merit letter. On July 2, 2007, the PCRA court denied relief without a hearing and granted counsel's motion. On July 10, 2008, this Court affirmed. It does not appear that Appellant sought allowance of appeal from the Supreme Court. However, the Supreme Court later denied relief on various other *pro se* petitions, among them a petition for a writ of *habeas corpus*. **See Commonwealth v. Ali**, No. 226 MM 2010 (Pa. filed April 15, 2011). Appellant also filed a petition for writ of *habeas corpus* in the Federal court, which was dismissed.

On July 18, 2014, Appellant filed a *pro se* petition for a writ of *habeas corpus* in the civil division of the court of common pleas and a petition to proceed *in forma pauperis*. The court denied his request to proceed *in forma pauperis* based on a determination that the underlying action was frivolous. **See** Pa.R.C.P. 240(j)(1). The court then denied the *habeas corpus* petition.

While that appeal was pending, Appellant mailed a copy of his civil petition for *habeas corpus* relief directly to the chambers of the Honorable Joseph A. Smyth, Jr. Judge Smyth sent it to the clerk of courts for filing. Thereafter, the court issued a notice of intent to dismiss the petition without a hearing. Appellant filed a response "arguing, among other things, that the civil nature of the remedy of *habeas corpus* somehow vitiated the lower court's treatment of Ali's petition as one governed by the PCRA." Order, entered 11/4/14, at 4. The court dismissed Appellant's second PCRA petition

as untimely. Appellant timely appealed to this Court, raising the following issue (stated verbatim):

> Did the lower court abused it's discretion and/or error at law, when it subsumed Appellant's Petition for Writ of Habeas Corpus as a PCRA petition, and by falling to apply the Pro se liberal construe standard, when Appellant's essential core claim was: "The continued vitality of Appellant's sentence is illegal as it is a null and void judgment, unconstitutional and fundamentally unfair and unjust and therefore cruel and unusual punishment. Appellant's restraint is unlawful," which fell outside the sphere of the P.C.R.A., because the only sentence(ing) issue that is subject to P.C.R.A. review is whether the sentence imposed is greater than the lawful maximum?

Appellant's brief at 12-13.

The PCRA states that it "shall be the sole means of obtaining collateral relief and encompasses all other common law and statutory remedies for the same purpose that exist when this subchapter takes effect, including *habeas corpus*[.]" 42 Pa.C.S.A. § 9542. This language "demonstrates quite clearly that the General Assembly intended that claims that *could* be brought under the PCRA *must* be brought under that Act." **Commonwealth v. Hall**, 771 A.2d 1232, 1235 (Pa. 2001) (emphasis in original). **See also Commonwealth v. Peterkin**, 722 A.2d 638, 640 (Pa. 1998) ("The writ [of *habeas corpus* ] continues to exist only in cases in which there is no remedy under the PCRA."); **Commonwealth v. Descardes**, 101 A.3d 105, 108 (Pa. Super. 2014) (*en banc*).

In the instant case, Appellant asserts that his sentence is "illegal as it is a null and void judgment, unconstitutional and fundamentally unfair and

unjust[.]" Appellant's Brief at 13. There is no doubt that this explicit challenge is to the legality of the sentence. It is thus cognizable under the PCRA. *See* 42 Pa.C.S.A. §9543(a)(2)(vii); *Commonwealth v. Voss*, 838 A.2d 795, 799 (Pa. Super. 2003). Because the PCRA is the *sole* means of obtaining relief when the legality of sentence is challenged, the court did not err in treating Appellant's petition as a second PCRA petition.

"On appeal from the denial of PCRA relief, our standard and scope of review is limited to determining whether the PCRA court's findings are supported by the record and without legal error." *Commonwealth v. Edmiston*, 65 A.3d 339, 345 (Pa. 2013) (citation omitted), *cert. denied*, *Edmiston v. Pennsylvania*, 134 S. Ct. 639 (2013).

Before we address the merits of a PCRA petition, we must first consider the petition's timeliness. "The PCRA timeliness requirements are jurisdictional in nature and, accordingly, a court cannot hear untimely PCRA petitions." *Commonwealth v. Flanagan*, 854 A.2d 489, 509 (Pa. 2004) (citation omitted). A petitioner must file a PCRA petition within one year of the date that his judgment becomes final. *See* 42 Pa.C.S.A. § 9545(b)(1). A judgment becomes final at the conclusion of direct review, including discretionary review in the Supreme Court of the United States and the Supreme Court of Pennsylvania, or at the expiration of time for seeking review. *See* 42 Pa.C.S.A. § 9545(b)(3).

Here, Appellant's sentence became final on November 17, 2005. Thus, this second PCRA petition—filed nearly nine years later on August 18, 2014— is patently untimely. Appellant has not asserted that his petition falls within any of the timeliness exceptions provided in the PCRA. ***See*** 42 Pa.C.S.A. § 9545(b)(1)(i)-(iii). Accordingly, neither the lower court nor this Court has jurisdiction to consider Appellant's request for relief. ***See*** 42 Pa.C.S. § 9545(b)(1).

Order affirmed.

Judgment Entered.

Joseph D. Seletyn, Esq.
Prothonotary

Date: 9/8/2015