J-S45011-16

**NON-PRECEDENTIAL DECISION - SEE SUPERIOR COURT I.O.P. 65.37**

| | |
|---|---|
| COMMONWEALTH OF PENNSYLVANIA, | IN THE SUPERIOR COURT OF PENNSYLVANIA |
| Appellee | |
| v. | |
| GARY EUGENE VAUGHN, JR., | |
| Appellant | No. 1175 WDA 2015 |

Appeal from the Order Dated June 29, 2015
In the Court of Common Pleas of Cambria County
Criminal Division at No(s): CP-11-CR-0000788-2007

BEFORE: OLSON, DUBOW AND PLATT,* JJ.

MEMORANDUM BY OLSON, J.: **FILED JULY 13, 2016**

Appellant Gary Eugene Vaughn, Jr. appeals *pro se* from the June 29, 2015 order denying his petition for a writ of *coram nobis*. We affirm.

The relevant factual background and procedural history of this case is as follows. On January 9, 2007, Appellant was arrested following an altercation outside a bar and charged with aggravated assault,[1] simple assault,[2] and recklessly endangering another person.[3] On June 27, 2008, after pleading guilty to simple assault, he was sentenced to 3 months' house

---

[1] 18 Pa.C.S.A. § 2702(a)(1).

[2] 18 Pa.C.S.A. § 2701(a)(1).

[3] 18 Pa.C.S.A. § 2705.

*Retired Senior Judge assigned to the Superior Court.

arrest followed by 20 months' probation. His probation was terminated on May 15, 2009.

On February 17, 2015, Appellant filed a petition under the Post-Conviction Relief Act ("PCRA"), 42 Pa.C.S.A. § 9541-9546. That petition was dismissed because Appellant was no longer serving a sentence. *See* 42 Pa.C.S.A. § 9543(a)(1). Appellant appealed the dismissal of his PCRA petition. While that appeal was pending, he filed a petition for a writ of *coram nobis* on April 8, 2015. In that petition, he requested vacatur of his judgment of sentence. The trial court denied the petition on June 29, 2015.

Appellant filed a timely notice of appeal on July 27, 2015 and the trial court ordered him to file a concise statement of matters complained of on appeal ("concise statement") on or before September 15, 2015. *See* Pa.R.A.P. 1925(b). Appellant's concise statement was not docketed until September 30, 2015; however, Appellant states that he placed his concise statement into the stream of prison mail on September 13, 2015. As we ultimately determine that the trial court lacked jurisdiction over Appellant's petition, we decline to remand for an evidentiary hearing on when the concise statement was filed and instead proceed to our analysis of the trial court's jurisdiction over the petition.

Appellant presents two issues for our review:

1. Did the [trial court] abuse its discretion by providing virtually no reason for denying [A]ppellant's [writ of *coram nobis*] thus precluding any meaningful appellate review?

- 2 -

2. Did the [trial court] err in its order denying [A]ppellant's [writ of *coram nobis*]?

Appellant's Brief at 4.

Prior to addressing the merits of Appellant's claims, we first address the Commonwealth's contention that the trial court lacked jurisdiction over Appellant's petition. "[A]s a pure question of law, the standard of review in determining whether a [trial] court has subject matter jurisdiction is *de novo* and the scope of review is plenary." ***Beneficial Consumer Disc. Co. v. Vukman***, 77 A.3d 547, 550 (Pa. 2013) (citation omitted).

Appellant argues that the trial court had jurisdiction over his petition pursuant to this Court's decision in ***Commonwealth v. Descardes***, 101 A.3d 105, 109 (Pa. Super. 2014) (*en banc*), *vacated*, 2016 WL 1249964 (Pa. Mar. 29, 2016). Our Supreme Court, however, vacated this Court's decision and held that "where a petitioner's claim is cognizable under the PCRA, the PCRA is the only method of obtaining collateral review." ***Commonwealth v. Descardes***, 2016 WL 1249964, *8 (Pa. Mar. 29, 2016).

Here, Appellant claims his trial counsel was ineffective. Appellant's Brief at 10. An ineffective assistance of counsel claim is cognizable under the PCRA. 42 Pa.C.S.A. § 9543(a)(2)(ii); ***see Descardes***, 101 A.3d at 111-114 (Bowes, J. dissenting). Because Appellant's claim is cognizable under the PCRA, the trial court should have treated the petition as a PCRA petition.

When Appellant filed his *coram nobis* petition, which we deem a PCRA petition, his appeal from the denial of his first PCRA petition was still

pending. As such, the trial court lacked jurisdiction over the instant petition. *See Commonwealth v. Lark*, 746 A.2d 585, 588 (Pa. 2000) ("[W]hen an appellant's PCRA appeal is pending before a court, a subsequent PCRA petition cannot be filed until the resolution of review of the pending PCRA petition by the highest state court in which review is sought, or upon the expiration of the time for seeking such review."). As the trial court lacked jurisdiction over the petition, we affirm the denial of relief.[4]

Order affirmed.

Judgment Entered.

Joseph D. Seletyn, Esq.
Prothonotary

Date: 7/13/2016

---

[4] Furthermore, even if the appeal of Appellant's first PCRA petition was not pending, the trial court lacked jurisdiction over the petition. Appellant's judgment of sentence became final on July 31, 2008. He filed the instant petition on April 8, 2015. As such, Appellant's petition was patently untimely. *See* 42 Pa.C.S.A. § 9545(b)(1). As Appellant did not plead and prove the applicability of a statutory timeliness exception, the PCRA court lacked jurisdiction over the petition. Moreover, Appellant is not entitled to relief under the PCRA as he was no longer serving a sentence for the crimes at issue.