J-S58008-16

**NON-PRECEDENTIAL DECISION - SEE SUPERIOR COURT I.O.P. 65.37**

| COMMONWEALTH OF PENNSYLVANIA, | IN THE SUPERIOR COURT OF PENNSYLVANIA |
|---|---|
| Appellant | |
| v. | |
| DAMIR BRGULJA, | |
| Appellee | No. 1978 MDA 2015 |

Appeal from the Order Entered October 19, 2015
in the Court of Common Pleas of Cumberland County
Criminal Division at No.: CP-21-CR-0001515-2009

BEFORE: GANTMAN, P.J., BOWES, J., and PLATT, J.[*]

MEMORANDUM BY PLATT, J.:            **FILED AUGUST 10, 2016**

The Commonwealth appeals from the court's grant of Appellee, Damir Brgulja's, petition for writ of error *coram nobis*. We vacate and remand.

We take the following facts from our independent review of the certified record. On October 22, 2009, Appellee, a refugee from Bosnia-Herzegovina, (**see** Petition for Writ of Error *Coram Nobis*, 10/06/15, at Appendix 1A, Declaration of Appellee, at 1; **id.** at Appendix 1D, I-94 Departure Record), pleaded guilty to possession with intent to deliver a controlled substance (PWID).[1] On December 1, 2009, the trial court

_____

[*] Retired Senior Judge assigned to the Superior Court.

[1] 35 P.S. § 780-113(a)(30).

sentenced Appellee to twenty-three months of probation. Appellee did not file a direct appeal.

On May 21, 2015, immigration authorities detained Appellee for deportation because of his PWID conviction. (*See id.* at unnumbered page 3). On October 6, 2015, Appellee filed a petition for writ of error *coram nobis* on the basis of **Padilla v. Kentucky**, 559 U.S. 356 (2010), arguing that his counsel was ineffective for failing to advise him of the possible immigration consequences of pleading guilty.

On October 19, 2015, the court held a hearing in which Appellee testified remotely from a York County facility where he was being detained while awaiting deportation. The same day, the court granted Appellee's petition, deemed his guilty plea withdrawn, vacated his judgment of sentence, and released Appellee on his own recognizance. The Commonwealth timely appealed.[2]

The Commonwealth raises one question for this Court's review: "Whether the [trial] court erred in granting [Appellee] relief because **Padilla** . . . is not retroactive to judgements that became final before its holding and therefore cannot be the basis for relief here . . . ?" (Commonwealth's Brief,

_____

[2] On November 24, 2015, the Commonwealth filed a timely statement of errors complained of on appeal pursuant to the court's order. **See** Pa.R.A.P. 1925(b). The court filed an opinion on December 23, 2015. **See** Pa.R.A.P. 1925(a).

- 2 -

at 4). For the reasons discussed below, we conclude that the Commonwealth's issue has merit, albeit on slightly different grounds.

Our standard of review of this issue is *de novo* and our scope of review is plenary. **See Commonwealth v. Descardes**, 136 A.3d 493, 497 (Pa. 2016).

Before we address the Commonwealth's issue, we must determine whether we have jurisdiction to consider its merits. We find the Pennsylvania Supreme Court's decision in **Descardes** dispositive. In **Descardes**, the High Court considered whether the appellee "was entitled to seek review of his ineffectiveness of counsel claim, based on counsel's failure to advise him of the collateral consequences of his guilty plea, via a petition for writ of *coram nobis*." **Id.** at 494 (footnote omitted).

> In August 2006, [a]ppellee, a Haitian national who held resident alien status in the United States, pled guilty to insurance fraud, a felony, and conspiracy to commit insurance fraud. Appellee was not advised prior to entering his plea that deportation was a collateral consequence of his plea pursuant to the Immigration and Naturalization Act, 8 U.S.C.[A.] § 1227(a)(2)(A)(iii) (deportation is automatic upon a conviction for an aggravated felony). On November 30, 2006, [a]ppellee was sentenced to one year of probation and a fine, and did not appeal his judgment of sentence. He completed serving his probationary sentence in November 2007. In 2009, [a]ppellee left the United States on personal business and, when he attempted to reenter the country, United States immigration officials denied him reentry due to his felony convictions.
>
> *     *     *
>
> On May 26, 2010, [a]ppellee filed a . . . Petition for Writ of Error *Coram Nobis* based on the United States Supreme Court's decision in **Padilla** . . . . In **Padilla**, which was decided on

March 31, 2010, the [H]igh Court held that criminal defense counsel has an affirmative duty to inform a defendant that the offense to which he is pleading guilty will result in deportation[.] . . . The trial court treated [a]ppellee's May 26 petition as a timely first PCRA petition, . . . vacated [a]ppellee's conviction, and ordered that his plea of guilty be withdrawn.

*Id.* at 494-95 (record citation omitted).

On appeal, a panel of this Court determined that the trial court should have treated the request for relief as a petition for writ of error *coram nobis* because appellee had finished serving his sentence, and denied the petition because **Padilla** does not apply retroactively. **See Commonwealth v. Descardes**, 101 A.3d 105, 109 (Pa. Super. 2014). In addressing this Court's decision, the Supreme Court observed:

[The Supreme] Court has consistently held that, pursuant to the plain language of Section 9542 [of the PCRA], where a claim is cognizable under the PCRA, the PCRA is the only method of obtaining collateral review. **See Commonwealth v. Turner**, 622 Pa. 318, 80 A.3d 754, 770 (2013) ("The PCRA at Section 9542 subsumes the remedies of *habeas corpus* and *coram nobis*."). It is equally well established that [a]ppellee's claim of ineffective assistance of plea counsel, which is based on counsel's failure to advise him of the collateral consequences of his plea, was cognizable under the PCRA. [**See** 42 Pa.C.S.A. §§ 9543(a)(2)(ii), (iii).]

. . . . As noted by Judge Bowes in her Concurring and Dissenting Opinion[] . . . :

\*  \*  \*

By allowing [an a]ppellee to pursue *coram nobis* relief outside of the PCRA, the [Court would] give[] [a]ppellee greater post-conviction options in a situation where his ineffective assistance claim is untimely and he is ineligible for PCRA relief because he is no longer serving a sentence. [This would]

- 4 -

> serve[] as a judicial veto of the eligibility requirements of the PCRA and thus represent[] an unwarranted departure from the legislature's clear statutory directives.
>
> *Descardes*, 101 A.3d at 116–17. Thus, [a]ppellee's only method of obtaining collateral review was the PCRA.
>
> \* \* \*
>
> [Hence], we conclude the Superior Court's decision in the instant case is contrary to the decisions of th[e Supreme] Court which hold that, **where a petitioner's claim is cognizable under the PCRA, the PCRA is the only method of obtaining collateral review. As a result, [a]ppellee's PCRA petition should have been dismissed because, as he was no longer incarcerated at the time it was filed, he was ineligible for PCRA relief, and, thus, both the PCRA court and the Superior Court lacked jurisdiction to entertain the petition.**

*Descardes*, 136 A.3d at 501-03 (most citations omitted) (emphasis added).

In this case, Appellee was sentenced to twenty-three months' probation on December 1, 2009. On October 6, 2015, nearly six years later, and well after his sentence expired, Appellee filed a petition for writ of error *coram nobis* asserting ineffective assistance of counsel in failing to inform him about the immigration consequences of his guilty plea on the basis of *Padilla*. (*See* Petition for Writ of Error *Coram Nobis*, 10/06/15, at unnumbered pages 1, 3). As observed by our Supreme Court in *Descardes*, this claim fits squarely within the parameters of the PCRA. *See Descardes*, *supra* at 502-03; *see also* 42 Pa.C.S.A. §§ 9543(a)(2)(ii), (iii). Therefore, the court should have treated Appellee's request for relief as a PCRA petition, and dismissed it for lack of jurisdiction because Appellee no

longer was serving his sentence, and therefore was not eligible for PCRA relief.  **See Descardes**, **supra** at 501-03; **see also** 42 Pa.C.S.A. § 9543(a)(1)(i).  Hence, because the trial court acted without jurisdiction, we are constrained to vacate its order granting Appellee's petition for writ of error *coram nobis*.

Order vacated and case remanded.  Jurisdiction relinquished.

Judgment Entered.

Joseph D. Seletyn, Esq.
Prothonotary


Date: 8/10/2016