J-A08040-18

**NON-PRECEDENTIAL DECISION – SEE SUPERIOR COURT I.O.P 65.37**

| | | |
|---|---|---|
| COMMONWEALTH OF PENNSYLVANIA, | : | IN THE SUPERIOR COURT OF PENNSYLVANIA |
| | : | |
| Appellee | : | |
| | : | |
| v. | : | |
| | : | |
| GUSTAVO M. HERNANDEZ, | : | |
| | : | |
| Appellant | : | No. 2145 EDA 2016 |

Appeal from the Order June 17, 2016
in the Court of Common Pleas of Philadelphia County
Criminal Division at No(s): MC-51-CR-0843401-2005

BEFORE:     PANELLA, LAZARUS, and STRASSBURGER,* JJ.

MEMORANDUM BY STRASSBURGER, J.:     **FILED MAY 21, 2018**

Gustavo Hernandez (Appellant) appeals from the June 17, 2016 order dismissing his petition filed pursuant to the Post-Conviction Relief Act (PCRA), 42 Pa.C.S. §§ 9541-9546.  We affirm.

On November 22, 2013, Appellant entered a negotiated guilty plea to possession of a controlled substance, and was sentenced to six months of probation.  Appellant's probationary term ended on May 28, 2014.

> On June 3, 2014, Appellant filed a PCRA petition asserting ineffective [assistance of] counsel.  On December 22, 2014, Appellant filed the instant amended PCRA petition and/or writ of *habeas corpus* and/or writ of *coram nobis*.  The amended PCRA petition avers that trial counsel was ineffective for permitting Appellant to plead guilty without an interpreter.  Appellant further avers that because he pled without an interpreter, he did not voluntarily, knowingly, and intentionally waive his right to pretrial motions and a trial.  In addition, Appellant avers that he did not waive his right to speak with an immigration attorney, since trial

_____

*Retired Senior Judge assigned to the Superior Court.

counsel should have known that a plea to the possession offense would ultimately result in deportation.

Specifically, Appellant avers that trial counsel was ineffective: for failing to have Appellant apply for a diversionary program[ ]; for failing to file a meritorious motion to suppress; and, for inaccurately and materially misadvising Appellant that accepting the plea would not result in his deportation and/or removal from the United States pursuant to applicable immigration laws. On July 16, 2013, Appellant received a notice to appear in Immigration Court, whereby Appellant presently faces deportation.

Trial Court Opinion, 5/9/2017, at 2 (footnote and unnecessary capitalization omitted).

On June 17, 2016, the trial court dismissed Appellant's petition, holding that Appellant's petition must be construed as a PCRA petition and, pursuant to 42 Pa.C.S. § 9543, Appellant was not eligible for relief because he was no longer serving a sentence. This timely-filed appeal followed.[1] On appeal, Appellant asks this Court to determine whether the PCRA court erred in "denying Appellant's petition for writ of *coram nobis* on the ground that the only avenue for relief for Appellant's claim of ineffective assistance [of counsel] was by way of [a PCRA] petition[.]" Appellant's Brief at 2.

In determining whether the PCRA court properly characterized Appellant's petition as a PCRA petition, we observe the following.

The current version of Pennsylvania's [PCRA] explicitly states that it shall be the sole means of obtaining collateral relief and that its

---

[1] The PCRA court did not order Appellant to file a Pa.R.A.P. 1925(b) statement of errors complained of on appeal, but the PCRA court did file a Pa.R.A.P. 1925(a) opinion.

provisions encompass[ ] all other common law and statutory remedies for the same purpose that exist when this subchapter takes effect, including *habeas corpus* and *coram nobis*. Under the plain words of the statute, if the underlying substantive claim is one that could potentially be remedied under the PCRA, that claim is exclusive to the PCRA. It is only where the PCRA does not encompass a claim that other collateral procedures are available.

**Commonwealth v. Pagan**, 864 A.2d 1231, 1232–33 (Pa. Super. 2004) (internal citations and quotation marks omitted).

Claims of ineffective assistance of counsel are cognizable under the PCRA. **See** 42 Pa.C.S. § 9543(a)(2)(ii) (stating that to be eligible for relief under the PCRA, a petitioner must plead and prove that a conviction or sentence resulted from "[i]neffective assistance of counsel which, in the circumstances of the particular case, so undermined the truth-determining process that no reliable adjudication of guilt or innocence could have taken place"). Our Supreme Court recently decided a factually similar case, and held that the PCRA was the sole means for collateral review.

[Descardes] could have raised in a PCRA petition an ineffectiveness of counsel claim based on counsel's failure to advise him of the consequences, including deportation, of his guilty plea. The fact such claim likely would have been rejected on its merits does not change the fact that it could have been raised under the PCRA.

For all of the foregoing reasons, we conclude the Superior Court's decision in the instant case is contrary to the decisions of this Court which hold that, where a petitioner's claim is cognizable under the PCRA, the PCRA is the only method of obtaining collateral review. As a result, [Descardes's] PCRA petition should have been dismissed because, as he was no longer incarcerated at the time it was filed, he was ineligible for PCRA relief, and, thus, both the PCRA court and the Superior Court lacked jurisdiction to entertain the petition.

*Commonwealth v. Descardes*, 136 A.3d 493, 503 (Pa. 2016).

We are bound by our Supreme Court's ruling on this issue. Appellant concedes as much in his brief.

> Appellant concedes this Court is bound by the Supreme Court's ruling in [] *Descardes*, [] wherein the Court held that the Post Conviction Relief Act is the only lawful method for obtaining collateral review - thus reversing this Court's holding in *Commonwealth v. Descardes*, [] 101 A.3d 105 (Pa. Super. 2014) that a petition for writ of *coram nobis* is a lawful avenue for challenging a conviction in appropriate circumstances in which a PCRA petition is not an available avenue for relief. However, this appeal is presented in good faith on the ground that it is the only method by which Appellant can obtain possible reconsideration by the Pennsylvania Supreme Court (by means of a petition for allowance of appeal) of its holding that a petition for writ of *coram nobis* is not a lawful means to obtain collateral review of a conviction.

Appellant's Brief at 9.

Accordingly, the PCRA court properly considered Appellant's petition as a PCRA petition; Appellant is not eligible for PCRA relief because he is no longer serving his sentence; and thus the PCRA court did not err in denying Appellant's petition. *See* 42 Pa.C.S. § 9543(a)(1); *Commonwealth v. Turner*, 80 A.3d 754, 766 (Pa. 2013) ("[T]he General Assembly, through the PCRA, excluded from collateral review those individuals who were no longer subject to a state sentence….").

Order affirmed.

Judgment Entered.

Joseph D. Seletyn, Esq.

Prothonotary

Date: 5/21/18