J. S18031/18

NON-PRECEDENTIAL DECISION – SEE SUPERIOR COURT I.O.P. 65.37

| COMMONWEALTH OF PENNSYLVANIA | : | IN THE SUPERIOR COURT OF |
| --- | --- | --- |
| | : | PENNSYLVANIA |
| v. | : | |
| | : | |
| STANLEY OHLER, | : | No. 1449 WDA 2017 |
| | : | |
| Appellant | : | |

Appeal from the PCRA Order, September 20, 2017,
in the Court of Common Pleas of Fayette County
Criminal Division at No. CP-26-CR-0001649-2007

BEFORE:  STABILE, J., MUSMANNO, J., AND FORD ELLIOTT, P.J.E.

MEMORANDUM BY FORD ELLIOTT, P.J.E.:              FILED MAY 25, 2018

Appellant, Stanley Allan Ohler, appeals pro se from the September 20, 2017 order dismissing his third petition filed pursuant to the Post Conviction Relief Act ("PCRA"), 42 Pa.C.S.A. §§ 9541-9546.  After careful review, we affirm.

A jury convicted appellant of involuntary deviate sexual intercourse ("IDSI"), statutory sexual assault, and aggravated indecent assault[1] on March 8, 2008.  At sentencing on June 3, 2008, the trial court adjudicated appellant as a sexually violent predator, required him to register as a sex offender for life, and sentenced appellant to 6-12 years' imprisonment. We affirmed appellant's judgment of sentence on April 14, 2009.

---

[1] 18 Pa.C.S.A. §§ 3123(a)(2), 3122.1, and 3125(8), respectively.

Commonwealth v. Ohler, 972 A.2d 559 (Pa.Super. 2009) (unpublished memorandum). Appellant did not file a petition for allocatur with our supreme court on direct appeal.

On September 8, 2009, appellant filed his first PCRA petition. The PCRA court denied appellant's petition on May 27, 2010, and we affirmed the PCRA court's denial on June 16, 2011. Commonwealth v. Ohler, 31 A.3d 746 (Pa.Super. 2011) (unpublished memorandum). Our supreme court denied appellant's petition for allocatur on November 22, 2011. Commonwealth v. Ohler, 34 A.3d 82 (Pa. 2011).

On August 4, 2016, appellant filed his second PCRA petition, which was dismissed without a hearing on September 22, 2016. Appellant filed the instant PCRA petition on August 23, 2017, and the PCRA court entered a notice of intent to dismiss appellant's PCRA petition pursuant to Pa.R.Crim.P. 907 on August 29, 2017. The PCRA court dismissed appellant's PCRA petition on September 20, 2017.[2]

Appellant filed a notice of appeal to this court on October 4, 2017. The PCRA court ordered appellant to file a concise statement of errors complained of on appeal pursuant to Pa.R.A.P. 1925(b) on October 20, 2017, and appellant filed a Rule 1925(b) statement on November 3, 2017.

---

[2] While the instant PCRA petition was pending before the PCRA court, appellant filed a fourth PCRA petition on September 8, 2017. The PCRA court dismissed appellant's fourth petition without prejudice on October 20, 2017.

On November 28, 2017, the PCRA court filed a statement in lieu of an opinion pursuant to Pa.R.A.P. 1925(a).

In reviewing appellant's seven-page brief, we note that appellant failed to include a coherent statement of questions involved pursuant to Pa.R.A.P. 2116.[3]   The three issues appellant sets forth in his brief can be condensed to the following issue for our review:   whether our supreme court's recent finding that the retroactive application of the registration requirements pursuant to the Sex Offender Registration and Notification Act ("SORNA") is unconstitutional applies retroactively to appellant?

Subsequent PCRA petitions beyond a petitioner's first petition are subject to the following standard:

> A second or subsequent petition for post-conviction relief will not be entertained unless a strong prima facie showing is offered to demonstrate that a miscarriage of justice may have occurred. Commonwealth v. Allen, 732 A.2d 582, 586 (Pa. 1999).   A prima facie showing of entitlement to relief is made only by demonstrating either that the proceedings which resulted in conviction were so unfair that a miscarriage of justice occurred which no

---

[3] Appellant's statement of questions involved is as follows:

> 1. Whether the lifetime registration of sex offenders is unconstitutional[?]
>
> 2. Whether the registration should apply to the appellant[?]
>
> 3. Being the appellant was sentenced before the registration was made into law.

Appellant's brief at 3 (full capitalization omitted).

civilized society could tolerate, or the defendant's innocence of the crimes for which he was charged. Id. at 586. Our standard of review for an order denying post-conviction relief is limited to whether the trial court's determination is supported by evidence of record and whether it is free of legal error. Commonwealth v. Jermyn, 709 A.2d 849, 856 (Pa. 1998).

A PCRA petition, including a second or subsequent petition, must be filed within one year of the date that judgment of sentence becomes final. 42 Pa.C.S.[A.] § 9545(b)(1). A judgment becomes final for purposes of the PCRA "at the conclusion of direct review, including discretionary review in the Supreme Court of the United States and the Supreme Court of Pennsylvania, or the expiration of time for seeking the review." 42 Pa.C.S.A. § 9543(b)(3). PCRA time limits are jurisdictional in nature, implicating a court's very power to adjudicate a controversy. Commonwealth v. Fahy, 737 A.2d 214 (Pa. 1999). Accordingly, the "period for filing a PCRA petition can be extended only if the PCRA permits it to be extended, i.e., by operation of one of the statutorily enumerated exceptions to the PCRA time-bar. Id. at 222.

Commonwealth v. Ali, 86 A.3d 173, 176-177 (Pa. 2014), cert. denied, 135 S.Ct. 707 (2014). Before we can address appellant's issues on the merits, we must first determine if we have jurisdiction to do so.

As noted above, a PCRA petitioner has one year from the date his or her judgment of sentence becomes final in which to file a PCRA petition. This court has held the following regarding when a judgment becomes final:

The plain language of the PCRA provides that a judgment of sentence becomes final at the conclusion of direct review or when the time seeking direct review expires. See 42 Pa.C.S.A. § 9545(b)(3). In fixing the date upon which a

> judgment of sentence becomes final, the PCRA does not refer to the conclusion of collateral review or the time for appealing a collateral review determination. Thus, the plain language of the PCRA statute shows that a judgment of sentence becomes final immediately upon expiration of time for seeking direct review, even if other collateral proceedings are still ongoing. As this result is not absurd or unreasonable, we may not look for further manifestations of legislative intent. See Commonwealth v. Hall, 80 A.3d 1204, 1211 (Pa. 2013) (internal quotation marks omitted) (We may "look beyond the plain language of the statute only when words are unclear or ambiguous, or the plain meaning would lead to a result that is absurd, impossible of execution, or unreasonable.").

Commonwealth v. Callahan, 101 A.3d 112, 118 (Pa.Super. 2014).

In the instant case, this court affirmed appellant's judgment of sentence on April 14, 2009, and appellant did not file a petition for allocatur with our supreme court. Accordingly, appellant's judgment of sentence became final on May 14, 2009. See Pa.R.A.P. 903(a). Appellant filed the instant petition on August 23, 2017—more than eight years after his judgment of sentence became final and more than seven years after a PCRA petition could be considered timely. See 42 Pa.C.S.A. § 9545(b)(1).

As noted above, the PCRA does enumerate exceptions to the one-year requirement. A petitioner may overcome the one-year time bar under the PCRA after one year has passed from the final judgment of sentence if he or she pleads and proves any of the following reasons:

> (i)     [T]he failure to raise the claim previously was the result of interference by government officials with the presentation of the claim in

> violation of the Constitution or laws of this Commonwealth or the Constitution or laws of the United States;
>
> (ii) [T]he facts upon which the claim is predicated were unknown to the petitioner and could not have been ascertained by the exercise of due diligence; or
>
> (iii) [T]he right asserted is a constitutional right that was recognized by the Supreme Court of the United States or the Supreme Court of Pennsylvania after the time period provided in this section and has been held by that court to apply retroactively.

42 Pa.C.S.A. § 9545(b)(1)(i)-(iii). Section 9545 also mandates that any petition filed under these exceptions must be filed within 60 days of the date the claim could have been presented. Id. at § 9545(b)(2).

Here, appellant appears to rely on our supreme court's recent holding that a retroactive application of SORNA's registration provisions is unconstitutional, as it violates the ex post facto prohibitions contained within both the United States and Pennsylvania Constitutions. Commonwealth v. Muniz, 164 A.3d 1189, 1223 (Pa. 2017). Shortly after our supreme court announced its decision in Muniz, this court determined that the holding in Muniz "should be retroactively applied in state collateral courts to comply with the United States and Pennsylvania Constitutions." Commonwealth v. Rivera-Figueroa, 174 A.3d 674, 678 (Pa.Super. 2017), citing Montgomery v. Louisiana, 136 S.Ct. 718, 734 (2016).

Most recently, in Commonwealth v. Murphy, ___ A.3d ___, 2018 WL 947156 (Pa.Super. 2018), a case involving an untimely PCRA petition, we held that the defendant was required to demonstrate that the Supreme Court of Pennsylvania has held Muniz applies retroactively in order to satisfy the time-bar exception of 42 Pa.C.S.A. § 9454(b)(1)(iii) (new constitutional right exception), and because, currently, no such holding has been issued by our supreme court, appellant cannot rely on Muniz to meet that timeliness exception.

The Murphy court acknowledged the holding in Rivera-Figueroa and distinguished the case before it from Rivera-Figueroa. Murphy, 2018 WL 947156 at *3. In Murphy, similar to the case before us, the defendant's petition was untimely. Id. To the contrary, the petition at issue in Rivera-Figueroa was timely filed. Rivera-Figueroa, 174 A.3d at 677.

Consequently, because appellant's petition is untimely and our supreme court has not held that Muniz applies retroactively to satisfy the new constitutional right exception to the one-year time bar, appellant's petition is untimely and we do not have jurisdiction to consider appellant's appeal on its merits.[4]

Order affirmed.

---

[4] Even if appellant's petition were timely filed in this case, his petition would nevertheless fail on the merits, because he was subject to lifetime registration requirements prior to SORNA; therefore, any retroactive effects did not alter his sentence.

Judgment Entered.

Joseph D. Seletyn, Esq.
Prothonotary


Date:  5/25/2018