**NON-PRECEDENTIAL DECISION - SEE SUPERIOR COURT I.O.P. 65.37**

| | |
|---|---|
| COMMONWEALTH OF PENNSYLVANIA | IN THE SUPERIOR COURT OF PENNSYLVANIA |
| Appellee | |
| v. | |
| JOSE FRANCISCO GREGORIO | |
| Appellant | No. 595 EDA 2015 |

Appeal from the Order February 11, 2015
In the Court of Common Pleas of Northampton County
Criminal Division at No(s): CP-48-CR-0000792-1997

BEFORE:  GANTMAN, P.J., PANELLA, J., and OLSON, J.

MEMORANDUM BY GANTMAN, P.J.:                    **FILED SEPTEMBER 15, 2015**

Appellant, Jose Francisco Gregorio, appeals from the order entered in the Northampton County Court of Common Pleas, which denied his petition for writ of *coram nobis*.  We affirm.

The relevant facts and procedural history of this case are as follows. On September 9, 1997, Appellant pled guilty to one count of possession of a controlled substance with intent to deliver ("PWID"), after police apprehended Appellant in a bar during a drug surveillance operation.  The trial court sentenced Appellant to a term of one (1) to two (2) years' incarceration.  Appellant did not file a direct appeal.  Due to the conviction, the federal government deported Appellant to the Dominican Republic after he completed his sentence.  After Appellant reentered the United States, he was convicted in federal court of illegal reentry and deported again.

Appellant returned to the United States once more. In 2012, following a traffic stop, Appellant was convicted in Lehigh County of false identification to law enforcement authorities and DUI—highest rate of alcohol. The court imposed an aggregate sentence of three (3) days to (12) months' incarceration and granted Appellant credit for time served and immediate parole. Appellant was subsequently convicted in federal court of another illegal reentry charge, for which he received a sentence of fifty-seven (57) months' incarceration, followed by thirty-six (36) months of supervised release.

On November 10, 2014, Appellant filed a *pro se* petition for writ of *coram nobis*. With the exception of one claim, the court treated the filing as a Post Conviction Relief Act ("PCRA")[1] petition and appointed counsel. On December 29, 2014, counsel filed a **Turner/Finley**[2] "no-merit" letter and a petition to withdraw, which the court granted on January 6, 2015. On January 14, 2015, the court issued notice of its intent to dismiss the entire petition without a hearing, pursuant to Pa.R.Crim.P. 907. Appellant filed no response. The court dismissed the petition on February 11, 2015. On March 2, 2015, Appellant filed a timely *pro se* notice of appeal along with a

_____

[1] 42 Pa.C.S.A. §§ 9541-9546.

[2] **Commonwealth v. Turner**, 518 Pa. 491, 544 A.2d 927 (1988); **Commonwealth v. Finley**, 550 A.2d 213 (Pa.Super. 1988) (*en banc*).

voluntary statement of errors complained of on appeal, pursuant to Pa.R.A.P. 1925(b).

Appellant raises the following issues for our review:

WHETHER THE [PCRA] COURT ERRED IN LAW AND FACT FINDING THAT THE PETITION FOR *CORAM NOBIS* WAS UNTIMELY, WHEN THERE IS NO[] TIME LIMITATION UNDER THE COMMO[N] LAW WRIT[.]

WHETHER THE [PCRA] COURT[']S DENIAL OF THE WRIT OF ERROR *CORAM NOBIS* VIOLATED SUBSTANTIVE AND PROCEDURAL DUE PROCESS, AND APPELLANT'S CONSTITUTIONAL LIBERTY INTEREST TO HAVE ACCESS TO THE COURT, IN THAT THE [PCRA] COURT FOUND THAT APPELLANT WAS UNABLE TO PROVE THE EXIST[E]NCE OF A FUNDAMENTAL ERROR OF FACT OR LAW JUSTIFYING THE WRIT, BUT YET, THE [PCRA] COURT WAS UNABLE TO PRODUCE COP[IES] OF THE PLEA AND SENTENCING[] TRANSCRIPTS AT APPELLANT'S OWN EXPEN[S]ES, WHICH WOULD HAVE ENABLED APPELLANT TO SUBSTANTIATE THE COMPLAINED FUNDAMENTAL ERRORS OF LAW AND FACT.

WHETHER A WRIT OF ERROR *CORAM NOBIS* IS AVAILABLE TO CORRECT AN ERROR IN THE JUDGMENT THAT WAS OBTAINED UNDER DURESS AND THAT DUE TO [APPELLANT'S] IMMEDIATE DEPORTATION AFTER RELEASED TO THE INS, APPELLANT WAS PREVENTED FROM UNDERGO[ING] A DIRECT APPEAL[] OR A POST CONVICTION CHALLENGE.

WHETHER THE WRIT OF ERROR *CORAM NOBIS* IS AVAILABLE TO CORRECT THE JUDGMENT OF CONVICTION TO REFLECT THAT [APPELLANT PLED] GUILTY TO...SIMPLE POSSESSION AS HE IS ACTUAL[LY] INNOCEN[T] OF THE CHARGE OF POSSESSION WITH INTENT TO DISTRIBUTE COCAINE, BUT FOR THE LACK OF TRANSCRIPT HE IS NOT ABLE TO SUBSTANTIAT[E] HIS CONTENTION THAT HE [PLED] UNDER DURESS TO THE POSSESSION WITH INTENT TO DISTRIBUTE.

(Appellant's Brief at 1-2).

The timeliness of a PCRA petition is a jurisdictional requisite. **Commonwealth v. Hackett**, 598 Pa. 350, 956 A.2d 978 (2008), *cert. denied*, 556 U.S. 1285, 129 S.Ct. 2772, 174 L.Ed.2d 277 (2009). Pennsylvania law makes clear no court has jurisdiction to hear an untimely PCRA petition. **Commonwealth v. Robinson**, 575 Pa. 500, 837 A.2d 1157 (2003). The PCRA requires a petition to be filed within one year of the date the underlying judgment becomes final. 42 Pa.C.S.A. § 9545(b)(1). A judgment is deemed final at the conclusion of direct review or at the expiration of time for seeking review. 42 Pa.C.S.A. § 9545(b)(3). Generally, to obtain merits review of a PCRA petition filed more than one year after a petitioner's sentence became final, the petitioner must allege and prove at least one of the three timeliness exceptions. **See** 42 Pa.C.S.A. § 9545(b)(1)(i)-(iii).

After a thorough review of the record, the briefs of the parties, the applicable law, and the well-reasoned opinions of the Honorable Craig A. Dally, we conclude Appellant's issues merit no relief. The PCRA court opinions comprehensively discuss and properly dispose of the questions presented. (**See** Opinion in Support of Order, filed February 11, 2015, at 1; Opinion in Support of Rule 907 Notice, filed January 14, 2015, at 2-3) (finding: Appellant's claims one through four in petition for writ of *coram nobis* concerned validity of Appellant's 1997 guilty plea and alleged constitutional violations in connection with PWID conviction; those claims

were cognizable under PCRA; Appellant failed to seek review of claims within PCRA prescribed time limits;[3] court had no jurisdiction over those claims; *coram nobis* review was available for Appellant's fifth claim in petition, regarding plea counsel's alleged failure to advise Appellant of mandatory deportation consequences of PWID conviction, as required by ***Padilla v. Kentucky***, 559 U.S. 356, 130 S.Ct. 1473, 176 L.Ed.2d 284 (2010); nevertheless, ***Padilla*** has no retroactive effect, noting ***Chaidez v. U.S.***, ___ U.S. ___, 133 S.Ct. 1103, 185 L.Ed.2d 149 (2013), where, U.S. Supreme Court expressly held that ***Padilla*** does not apply retroactively to collateral review cases; Appellant's judgment of sentence became final and his PWID sentence concluded long before ***Padilla*** was decided in 2010; ***Padilla*** does not apply to Appellant's case). Accordingly, we affirm on the basis of the PCRA court opinions.[4]

Order affirmed.

---

[3] Appellant failed to plead and prove any statutory exception to the PCRA's timeliness requirements. Moreover, Appellant is ineligible for relief under the PCRA with respect to his PWID conviction because he is no longer serving a sentence for that offense. ***See*** 42 Pa.C.S.A. § 9543(a)(1)(i).

[4] On June 17, 2015, Appellant filed a motion in which he asserted the Commonwealth's brief is deficient and asked this Court to compel the Commonwealth to "answer any and all of the issues Appellant presented to this Court." Appellant further requested a thirty-day extension of time to file a reply brief. Due to our disposition, we deny Appellant's open motion.

Judgment Entered.

_Joseph D. Seletyn_

Joseph D. Seletyn, Esq.
Prothonotary


Date: 9/15/2015

## IN THE COURT OF COMMON PLEAS OF NORTHAMPTON COUNTY, PENNSYLVANIA

### CRIMINAL DIVISION

COMMONWEALTH OF PENNSYLVANIA     :
     :
v.     :     C-0048-CR-792-1997
     :
JOSE GREGORIO,     :
     **Defendant.**     :

### ORDER OF COURT

**AND NOW,** this _____ 11th _____ day of February 2015, after sending notice dated January 14, 2015 to Defendant advising him of this Court's intention to dismiss his Petition for Writ of Coram Nobis without hearing in accordance with PA.R.CRIM.P. 907, this Court's receipt of correspondence from Defendant dated January 6, 2015, and its receipt of a Motion for Reconsideration and/or Clarification dated January 15, 2015 and its full review and consideration of both pieces of correspondence, it is hereby **ORDERED** and **DIRECTED** that Defendant's Petition for Writ of Coram Nobis is hereby **DISMISSED WITHOUT HEARING.** While a Writ of Coram Nobis is an appropriate means by which to correct a fundamental error of fact of law, a review of the record demonstrates (1) that the instant petition is untimely[1]; and (2) Petitioner, by his own admission, is unable to prove the existence of some fundamental error of fact or law in this case. Defendant is hereby apprised of his right to appeal this ruling to the Superior Court within thirty (30) days of the date of this order.

BY THE COURT:

_____
CRAIG A. DALLY,     J.

---

[1] See Commw. v. Turner, 80 A.3d 754 (Pa. 2013) cert. denied sub nom. Turner v. Pennsylvania, 134 S. Ct. 1771 (2014) ("[D]ue process does not require the legislature to continue to provide collateral review when the offender is no longer serving a sentence."). See also Chaidez v. U.S., 133 S. Ct. 1103 (2013) (The Court's 2010 decision in Padilla v. Kentucky, which held that defense counsel must apprise a defendant as to the risk of deportation in connection with the entry of a guilty plea, and upon which Defendant's Petition for Coram Nobis is based, requiring defense counsel to advise defendant about the risk of deportation arising from a guilty plea, does not apply retroactively.)

IN THE COURT OF COMMON PLEAS OF NORTHAMPTON COUNTY,
PENNSYLVANIA

CRIMINAL DIVISION

COMMONWEALTH OF PENNSYLVANIA     :
                                       :

v.                                   :       C-0048-CR-792-1997
                                         :

JOSE GREGORIO,                      :
          **Defendant.**                :

## <u>NOTICE OF INTENTION TO DISMISS PETITION WITHOUT HEARING</u>

**AND NOW,** this _____/4th____ day of January 2015, after receipt and review of correspondence from counsel for Defendant, the Court hereby notifies Defendant of its intention to dismiss Defendant's Petition for Coram Nobis without hearing, based upon a finding that said petition is devoid of merit. The Defendant shall have twenty (20) days from the date of this notice within which to file a response to this notice. Absent receipt of a timely response, it is the Court's intention to enter an Order dismissing Defendant's petition.

### STATEMENT OF REASONS

### Procedural History

On September 9, 1997, Defendant, a legal resident of the Dominican Republic, appeared before the Honorable William F. Moran (Ret.) to plead guilty to one count of Possession with Intent to Deliver Cocaine. He received a sentence of one (1) to two (2) years of incarceration, and received credit for time served. His sentence terminated in 1999. Subsequent to his release from prison, the Defendant was deported. Sometime thereafter, the Defendant made illegal entry back into the United States and was deported once more. Defendant then gained illegal entry into the United States for a third time and in 2012, he was placed under arrest by the Allentown

Police Department on charges of DUI under 75 Pa.C.S.A. § 3802(c) and other offenses, including False Identification to Law Enforcement ("False ID").

Defendant entered a plea to the DUI and the False ID on June 4, 2012, receiving a sentence of three (3) days to six (6) months on the DUI, and three (3) days to twelve (12) months (concurrent) on the False ID charge. The Defendant was given credit for time served and granted immediate parole to a U.S. Immigration & Customs Enforcement detainer. Attendant with that detainer, the Defendant was charged and convicted of illegal entry into the United States, for which he received a sentence of fifty-seven (57) months in federal prison, followed by thirty-six (36) months of supervision. The Defendant is currently serving the incarceration portion of that sentence.

## Discussion

By his petition for writ of coram nobis,[1] the Defendant contends that:

> his 1997 guilty plea was not knowing, intelligent and voluntary because (a) he pled guilty under duress simply to [gain] release from confinement; (b) [he] was . . . innocent of the crime charged; (c) the Commonwealth obtained information from [him] in violation of his Fifth-Amendment right against compelled self-incrimination; (d) the Commonwealth violated his Sixth Amendment Right to confront witnesses against him; and (e) he was not informed of the potential immigration consequences of his [guilty plea].

Letter from Defense Counsel dated December 29, 2014 at 3.

A petition for writ of coram nobus shall be treated as a PCRA except in cases where the PCRA does not provide a remedy. 42 PA.C.S.A. § 9542; Commw. v. Descardes, 101 A.3d 105, 108 (Pa. Super. 2014). As defense counsel has ably noted, the issues raised by Defendant as set forth above at (a) and (b) fall under the purview of the PCRA at 42 PA.C.S.A. § 9543(a)(2)(iii);

---

[1] "The writ of coram nobis is a procedural tool, the purpose of which is to correct errors of fact only. Its function is to bring before the court rendering the judgment matters of fact which, if they had been known at the time judgment was rendered, would have prevented its rendition." 16C WEST'S PA. PRAC., CRIMINAL PRACTICE § 34:2.

2

and his issues at (c) and (d) fall under the purview of the PCRA at 42 PA.C.S.A. § 9543(a)(2)(i). Thus, the Court finds Defendant's failure to seek timely review within the jurisdictional limitations of the PCRA is fatal to these claims. See Commw. v. Turner, 80 A.3d 754 (Pa. 2013) cert. denied sub nom. Turner v. Pennsylvania, 134 S. Ct. 1771 (2014) ("[D]ue process does not require the legislature to continue to provide collateral review when the offender is no longer serving a sentence.")

At first blush, it would also appear that Defendant's claim at (e) would fall squarely under the purview of the PCRA at 42 PA.C.S.A. § 9543(a)(2)(ii). However, case law is instructive on this point. Commw. v. Descardes, 101 A.3d 105 (Pa. Super. 2014). Defendant's claim is based on jurisprudential developments arising from the United States Supreme Court's decision in Padilla v. Kentucky, 130 S.Ct. 1473 (2010). Padilla, which was decided well after the disposition of Defendant's case, established that the failure to advise a defendant of the deportation consequences of entering a plea constitutes ineffective assistance of counsel, as alleged in the instant case. However, the law is clear that Padilla does not apply retroactively. Chaidez v. U.S., 133 S. Ct. 1103 (2013). Accordingly, the Court concurs with defense counsel's contention that Defendant's claims for relief are meritless. In light of the foregoing, the Court enters the attached Notice of Intention to Dismiss Defendant's Petition for Writ of Coram Nobis without hearing.

BY THE COURT:

CRAIG A. DALLY,                                        J.

3