J-S54025-15

**NON-PRECEDENTIAL DECISION - SEE SUPERIOR COURT I.O.P. 65.37**

| | |
|---|---|
| COMMONWEALTH OF PENNSYLVANIA | IN THE SUPERIOR COURT OF PENNSYLVANIA |
| Appellee | |
| v. | |
| ROBERT PASDON | |
| Appellant | No. 47 EDA 2015 |

Appeal from the Order December 10, 2014
In the Court of Common Pleas of Delaware County
Criminal Division at No(s): CP-23-CR-0005525-2009

| | |
|---|---|
| COMMONWEALTH OF PENNSYLVANIA | IN THE SUPERIOR COURT OF PENNSYLVANIA |
| Appellee | |
| v. | |
| ROBERT PASDON | |
| Appellant | No. 48 EDA 2015 |

Appeal from the Order December 10, 2014
In the Court of Common Pleas of Delaware County
Criminal Division at No(s): CP-23-CR-0001593-2007

BEFORE:  BOWES, J., PANELLA, J., and FITZGERALD, J.[*]

MEMORANDUM BY PANELLA, J.                    **FILED OCTOBER 14, 2015**

In these consolidated appeals, Appellant, Robert Pasdon, appeals from

the orders entered in the Court of Common Pleas of Delaware County, which

---

[*] Former Justice specially assigned to the Superior Court.

denied his "Post Sentence Motion-Nunc Pro Tunc," which he filed in two separate cases.[1] We find that the lower court should have treated the motion

_____

[1] We must address a procedural irregularity. Pasdon filed one notice of appeal from orders entered at two lower court docket numbers. **See** Notice of Appeal, filed 12/22/14. The filing of one notice of appeal from orders entered at different docket numbers "has long been discouraged." 20 G. Ronald Darlington, et al., Pennsylvania Appellate Practice § 341:3.102 (2013-2014 ed.) (footnote omitted). This policy is set forth in the *Note* to Rule 341 of the Pennsylvania Rules of Appellate procedure, which states that "[w]here, however, one or more orders resolve issues arising on more than one docket or relating to more than one judgment, separate notices of appeal must be filed." Pa.R.A.P., 341 *Note*.

Courts, however, have not automatically quashed such appeals. For instance, our Supreme Court considered this question in **General Electric Credit Corp. v. Aetna Casualty & Surety Co.**, 263 A.2d 448 (Pa. 1970), where the appellant filed a single appeal from two separate judgments entered against it. Upon considering these facts, our Supreme Court stated:

> Taking one appeal from several judgments is not acceptable practice and is discouraged. It has been held that a single appeal is incapable of bringing on for review more than one final order, judgment or decree. When circumstances have permitted, however, we have refrained from quashing the whole appeal, but this Court has quashed such appeals where no meaningful choice could be made.

**Id**., at 452-453 (internal citations and footnotes omitted).

Similarly, this Court, citing **General Electric Credit Corp.**, declined to quash where counsel for appellants filed only one notice of appeal from separate orders denying each appellant's motion to intervene. **See Egenrieder v. Ohio Casualty Group**, 581 A.2d 937, 940 n.3 (Pa. Super. 1990). The panel noted that counsel should have filed a separate notice of appeal for each appellant and that the appeals would then have been subject to consolidation. **See id**. **But see Commonwealth v. C.M.K.**, 932 A.2d 111 (Pa. Super. 2007) (court quashing single notice of appeal by criminal co-defendants who were tried jointly but sentenced individually).

*(Footnote Continued Next Page)*

as a petition pursuant to the Post Conviction Relief Act (PCRA), 42 Pa.C.S.A. §§ 9541-9546. We affirm the appeal docketed in this Court at 48 EDA 2015 and vacate and remand for further proceedings the appeal docketed at 47 EDA 2015. A full discussion follows.

Pasdon filed, *pro se*, a "Post Sentence Motion-Nunc Pro Tunc" on October 31, 2014. The motion requests relief in two separate cases. The first case is docketed in the lower court at CP-23-CR-0001593-2007; the second at CP-23-CR-0005525-2009. In both cases, Pasdon pled guilty to, among other charges, luring a child into a motor vehicle, 18 Pa.C.S.A. § 2910(a). In his *nunc pro tunc* post-sentence motion, Pasdon alleges that his guilty pleas are "null and void" because he entered them involuntarily; that his convictions are illegal; that his sentence at 1593-2007 is illegal; and that his lifetime registration under Megan's Law is unconstitutional. ***See*** Post Sentence Motion-Nunc Pro Tunc, filed 10/31/14, at ¶¶ 4-5, 11-12, 18. The trial court denied Pasdon relief. The court filed an opinion, docketed under the 1593-2007 term number, that addressed each claim, except the claim that the convictions are illegal, and explained why they failed to provide

*(Footnote Continued)* ⎯⎯⎯⎯⎯⎯⎯⎯⎯⎯⎯

Thus, the filing of one notice of appeal is "discouraged," but both our Supreme Court and this Court have refrained from quashing an appeal where "circumstances have permitted." Our examination of the procedural posture of this case leads us to the conclusion that the circumstances here permit us to exercise discretion and permit these appeals. We will not quash the appeals, but, in the interest of judicial economy, will accept them. After all, this Court has already consolidated the appeals. ***See*** Pa.R.A.P. 513.

relief. **See** Trial Court Opinion, filed 2/6/15, at 1-9. **See also** Trial Court Opinion, filed 5/14/15, docketed at term number 5525-2009 (noting that a second, separate opinion at this term number is unnecessary).

To understand whether the court correctly decided Pasdon's motion, we must examine the procedural posture of the two underlying cases, 1593-2007 and 5525-2009. We begin with the pertinent procedural history of the 2007 term number case.

There, after the entry of Pasdon's guilty plea, the trial court sentenced him to a term of intermediate punishment and probation. Pasdon appealed, but later discontinued the appeal. **See Commonwealth v. Pasdon**, No. 2450 EDA 2007 (Pa. Super. 2008) (certificate of discontinuance filed by Court on April 22, 2008).

Pasdon was still on probation when the police arrested him for again luring a child into his vehicle. He pled guilty to this and other charges stemming from that incident with the child at term number 5525-2009. Based on the probation violation, the trial court imposed a judgment of sentence of five to ten years' incarceration at term number 1593-2007 on April 20, 2010. In 2013, Pasdon filed a *pro se* PCRA petition at the 2007 term number. The PCRA court appointed counsel, but counsel was later permitted to withdraw. The PCRA court denied the petition on April 10, 2014. Pasdon did not appeal that ruling. On October 31, 2014, Pasdon filed

the "Post Sentence Motion-Nunc Pro Tunc," which the trial court denied on December 10, 2014.

We next consider the procedural posture of the case at 5525-2009. The procedural history of that term number is much shorter. On March 1, 2010, the trial court imposed a judgment of sentence, but later filed an amended sentencing order on March 10. In that order, the trial court amended the sentence to a period of time-served to 23 months and to four years of probation. As noted, Pasdon filed his post-sentence motion on October 31, 2014, which the trial court denied.

These timely appeals followed. Preliminarily, we note that the trial court only partially construed the post-sentence motion, filed years after the judgments of sentence, as a petition under the PCRA. For instance, the court noted, "[i]f the current Post-Sentence Motion *nunc pro tunc* were treated as a PCRA, these issues fail because of the PCRA's prohibition against raising 'previously litigated' issues." Trial Court Opinion, filed 2/6/15, at 3. But the opinion only addresses the Megan's Law claim under the PCRA, rejecting the claim as previously litigated. **See id**., at 8. The court, however, addressed the other claims as if on direct appeal. **See id**., at 5-8. It seems some sort of hybrid review occurred in the lower court.

"The PCRA states that it 'shall be the sole means of obtaining collateral relief and encompasses all other common law and statutory remedies for the same purpose that exist when this subchapter takes effect'…."

*Commonwealth v. Descardes*, 101 A.3d 105, 108 (Pa. Super. 2014) (*en banc*) (citing 42 Pa.C.S.A. § 9542), *appeal granted on other grounds*, 113 A.3d 278 (Pa. 2015) (Table). "[A]ny petition filed after the judgment of sentence becomes final will be treated as a PCRA petition." *Commonwealth v. Kubis*, 808 A.2d 196, 199 (Pa. Super. 2002) (citation omitted). *See also Commonwealth v. Kutnyak*, 781 A.2d 1259, 1261 (Pa. Super. 2001) (treating *pro se* petition, entitled "Notice of Post-Sentence Motion Challenging Validity of Guilty Plea to Permit Withdrawal, *Nunc Pro Tunc,*" as a PCRA petition).

Accordingly, we will construe the *nunc pro tunc* post-sentence motion as a PCRA petition for each appeal. We begin with the 2007 term number case.

"Even where neither party nor the PCRA court have addressed the matter, it is well-settled that we may raise [the issue of timeliness] *sua sponte* since a question of timeliness implicates the jurisdiction of our Court." *Commonwealth v. Gandy*, 38 A.3d 899, 902 (Pa. Super. 2012) (citation and internal quotation marks omitted). "The PCRA timeliness requirements are jurisdictional in nature and, accordingly, a court cannot hear untimely PCRA petitions." *Commonwealth v. Flanagan*, 854 A.2d 489, 509 (Pa. 2004) (citations omitted).

A PCRA petition must be filed within one year of the date that the judgment of sentence becomes final. *See* 42 Pa.C.S.A. § 9545(b)(1).

Pasdon's serial PCRA petition, filed on October 31, 2014, is patently untimely, as his judgment of sentence became final on May 20, 2010. As Pasdon's PCRA petition was not timely filed, "the courts have no jurisdiction to grant [him] relief unless he can plead and prove that one of the exceptions to the time bar provided in 42 Pa.C.S.A. § 9545(b)(1)(i)-(iii) applies." *Commonwealth v. Pursell*, 749 A.2d 911, 914-915 (Pa. 2000).

Pasdon has not pled any exceptions to the timebar. *See* Post Sentence Motion-Nunc Pro Tunc, filed 10/31/14. We briefly note that he maintains that his legality of the sentence claim cannot be waived. *See id*., at ¶ 17. That is true, but that does not mean the claim is subject to review in an untimely PCRA. *See Commonwealth v. Jones*, 932 A.2d 179, 182 (Pa. Super. 2007) ("[W]hen a petitioner files an untimely PCRA petition raising a legality-of-sentence claim, the claim is not waived, but the jurisdictional limits of the PCRA itself render the claim incapable of review."). Therefore, the lower court was without jurisdiction (as are we) to entertain Pasdon's petition.

We next consider the appeal from term number 5525-2009. The petition filed on October 31, 2014, is also patently untimely, as his judgment of sentence became final on April 9, 2010. This, however, is Pasdon's *first* PCRA petition filed in this case. And he is indigent. He is therefore entitled to court-appointed counsel. *See Commonwealth v. Smith*, 818 A.2d 494, 500-501 (Pa. 2003) ("Rule 904 [of the Pennsylvania Criminal Rules of Procedure] mandates that an indigent petitioner, whose first PCRA petition

appears untimely, is entitled to the assistance of counsel in order to determine whether any of the exceptions to the one-year time limitation apply."). Accordingly, we vacate the order entered in 5525-2009 and remand for the appointment of counsel.

Order at 47 EDA 2015 vacated. Case remanded for proceedings consistent with this memorandum. Order at 48 EDA 2015 affirmed. Jurisdiction relinquished.

Judgment Entered.

Joseph D. Seletyn, Esq.
Prothonotary

Date: 10/14/2015