J-S53041-15

**NON-PRECEDENTIAL DECISION - SEE SUPERIOR COURT I.O.P. 65.37**

| | | |
|---|---|---|
| COMMONWEALTH OF PENNSYLVANIA, | : | IN THE SUPERIOR COURT OF |
| | : | PENNSYLVANIA |
| Appellant | : | |
| | : | |
| v. | : | |
| | : | |
| ROBERTO JIMENEZ, | : | |
| | : | |
| Appellee | : | No. 2194 MDA 2014 |

Appeal from the Order entered on November 28, 2014
in the Court of Common Pleas of Berks County,
Criminal Division, No. CP-06-CR-0005557-2006

BEFORE:  DONOHUE, OTT and MUSMANNO, JJ.

MEMORANDUM BY MUSMANNO, J.:           **FILED NOVEMBER 02, 2015**

The Commonwealth of Pennsylvania appeals from the Order granting the Petition for Writ of *Coram Nobis* filed by Roberto Jimenez ("Jimenez"). We reverse.

In October 2006, Jimenez was a passenger in a vehicle that a police officer stopped for a traffic infraction.  Upon approaching the vehicle, the officer detected a strong odor of burnt marijuana, and he saw a marijuana joint in the ashtray.  Upon a search of Jimenez's person, police discovered a small amount of cocaine, and placed him under arrest.  The Commonwealth charged Jimenez with possession of cocaine, possession of a small amount of marijuana for personal use, and conspiracy to possess a small amount of marijuana.[1]

---

[1] 35 P.S. §§ 780-113(a)(16), (31)(i); 18 Pa.C.S.A. § 903(a)(1).

On February 28, 2007, Jimenez pled guilty to the above-mentioned charges (hereinafter "2007 plea").[2] During his guilty plea proceedings, Jimenez was represented by Paul S. Missan, Esquire ("plea counsel"), whom Jimenez had retained. The trial court accepted Jimenez's plea as being knowingly, intelligently and voluntarily entered, and sentenced him to one year of probation, plus a fine of $200. Jimenez did not appeal his judgment of sentence.

Several years later, in 2013, Jimenez was arrested in a different county and charged with driving under the influence. Jimenez pled guilty, and was accepted into the accelerated rehabilitative disposition program. Shortly thereafter, officers from the United States Immigration and Customs Enforcement office ("ICE") arrested Jimenez on an immigration warrant, which was issued as a result of Jimenez's 2007 plea to possession of cocaine.[3] ICE informed Jimenez that he would be deported to Mexico pursuant to the Immigration Act.

On February 27, 2014, Jimenez filed a Petition for Writ of *Coram Nobis*, through new counsel. Therein, Jimenez argued that he should be

---

[2] Notably, Jimenez is not a United States citizen. According to Jimenez, his parents brought him, illegally, from Mexico to the United States, when he was approximately eighteen months old. N.T., 3/27/14, at 22; **see also id.** at 22-23 (wherein Jimenez stated that he has resided in Reading, Pennsylvania ever since his arrival in the United States).

[3] This conviction required Jimenez's deportation pursuant to a section 1227 of the Immigration and Nationality Act ("the Immigration Act"), 8 U.S.C.A. § 1227(a)(2)(B)(i) (providing that a resident alien who has been convicted of certain crimes relating to a controlled substance shall be deemed deportable).

entitled to withdraw the 2007 plea, since it was not knowingly, intelligently and voluntarily entered, due to plea counsel's ineffectiveness. Specifically, Jimenez asserted that plea counsel was ineffective for failing to inform him of the collateral consequences of his plea, to the extent that his conviction of possession of cocaine would subject him to mandatory deportation proceedings pursuant to the Immigration Act. Jimenez argued that plea counsel's omission was contrary to the mandates of the United States Supreme Court's holding in **Padilla v. Kentucky**, 559 U.S. 356, 367, 374 (2010) (holding that a criminal defense attorney has an affirmative duty to inform a defendant that the offense for which he or she pleads guilty will result in his or her removal from the country). Additionally, Jimenez asserted that if plea counsel had advised him that pleading guilty to possession of cocaine carried a sanction of mandatory deportation, he would not have agreed to plead guilty.

In March and May of 2014, the trial court conducted evidentiary hearings on the Petition for Writ of *Coram Nobis*, at which Jimenez, plea counsel, and plea counsel's former administrative assistant, Daisy Diaz ("Diaz"), testified. After the hearings, the trial court directed the parties to submit memoranda of law. In its Memorandum, the Commonwealth argued, *inter alia*, that the trial court should treat the *coram nobis* Petition as an untimely petition for relief under the Post Conviction Relief Act ("PCRA"),[4]

---

[4] **See** 42 Pa.C.S.A. §§ 9541-9546.

- 3 -

and, for that reason, determine that the court lacked jurisdiction to address the Petition.

By an Order entered on November 28, 2014, the trial court granted the Petition for Writ of *Coram Nobis*, directing that Jimenez may withdraw his 2007 plea. In so ruling, the trial court did not conclude that the *coram nobis* Petition fell under the purview of the PCRA. The Commonwealth timely filed a Notice of Appeal. In response, the trial court ordered the Commonwealth to file a Pa.R.A.P. 1925(b) concise statement of errors complained of on appeal, and the Commonwealth timely complied. Subsequently, on February 18, 2015, the trial court issued a Memorandum in support of its November 28, 2014 Order.

On appeal, the Commonwealth presents the following questions for our review:

> A. Did Jimenez fail to demonstrate that he is entitled to relief, as the [] Petition [for Writ of *Coram Nobis*] should have been treated as an untimely PCRA Petition?
>
> B. Did Jimenez fail to demonstrate that [plea] counsel was ineffective for failing to inform him of the immigration consequences of his [2007] plea?

Brief for the Commonwealth at 4 (capitalization omitted).

The Commonwealth first argues that the trial court erred in failing to treat the *coram nobis* Petition as an untimely PCRA Petition. ***See id.*** at 8-12. According to the Commonwealth, Jimenez's claim, asserting plea counsel's ineffectiveness for failing to inform him of the collateral consequences of a guilty plea, is "clearly cognizable under the PCRA," and,

therefore, "is properly considered [] under the PCRA, even if it is raised as a request for a writ of *coram nobis*." ***Id.*** at 10 (citing ***Commonwealth v. Pagan***, 864 A.2d 1231, 1233 (Pa. Super. 2004) (where the appellant sought collateral relief from his convictions via a petition for a writ of *coram nobis*, asserting his incompetency to either enter a plea or stand trial for his past offenses, holding that this claim "goes to the very legality of his convictions and is clearly encompassed by the PCRA[,]" and the claim "had to be brought under the PCRA."), and 42 Pa.C.S.A. § 9542 (providing, *inter alia*, that the PCRA "shall be the sole means of obtaining collateral relief and encompasses all other common law and statutory remedies for the same purpose that exist when this subchapter takes effect, including *habeas corpus* and *coram nobis*.")). Additionally, the Commonwealth challenges the trial court's reliance upon the *en banc* decision of this Court in ***Commonwealth v. Descardes***, 101 A.3d 105 (Pa. Super. 2014) (*en banc*), in support of the trial court's determination that Jimenez's Petition for Writ of *Coram Nobis* did not fall under the PCRA. ***See*** Brief for the Commonwealth at 10-11.

In order to resolve this jurisdictional question, we must determine whether ***Descardes*** necessitates categorizing this case as one lying outside the framework of the PCRA and hence not subject to its strictures. In its February 18, 2015 Memorandum, the trial court addressed the implications of ***Descardes*** in the instant case as follows:

- 5 -

While we acknowledge the legislature intended for the PCRA to the be the sole means of obtaining post conviction collateral relief under most circumstances, it is not the sole means of relief for *all* defendants in *all* situations. **See** 42 Pa.[C.S.A.] § 9542. There is little doubt that, where the PCRA can provide relief, the PCRA subsumes common law remedies. [In **Descardes**, t]he Superior Court recently tackled this very issue, noting that "[t]he key consideration is whether the underlying claim is cognizable under the PCRA; if so, a petitioner 'may *only* obtain relief under the PCRA.'" [] **Descardes**, 101 A.3d [at] 107 [] [(]quoting [] **Pagan**, 864 A.2d [at] 1233 [] (emphasis in original)[)]. [In **Descardes**], as here, the defendant was ineligible for PCRA relief because he was not serving a sentence. [**Descardes**, 101 A.3d at 107 (stating that "d]eportation is not a sentence and Descardes is not in custody. Therefore, he is not eligible for PCRA relief."[)] [] In ruling that the trial court erred in treating the defendant's *Coram Nobis* petition as a PCRA petition, the **Descardes** Court acknowledged that, in general, the PCRA "subsumes all forms of collateral relief … *to the extent that a remedy is available under such enactment*[,]" and that "[i]t is rare for a claim to fall outside the ambit of the PCRA." **Id.** at 108 (internal citations and quotations omitted) (emphasis added). This case, like the factually-similar case of **Descardes**, represents one of those rare instances.

In **Descardes**, the defendant argued that his trial counsel failed to advise him of the immigration consequences[FN 1] that arose as a result of his guilty plea.

---

[FN 1] The so-called "immigration consequences" in **Descardes** are far more attenuated than they are in the present matter …. In **Descardes**, the defendant pled guilty to insurance fraud and was not deported as a result of his plea, but rather[,] was denied re-entry into the United States after a voluntary departure. … [T]he denial of [Descardes's] reentry to the United States was far less foreseeable than the "immigration consequences" [here] (*i.e.*, mandatory deportation) for [Jimenez].

---

The Court note[d] that this did not become a basis for an ineffective assistance of counsel claim until 2010[,] under **Padilla** [], which was specifically held not to be retroactive

- 6 -

J-S53041-15

under ***Chaidez v. United States***[, 133 S. Ct. 1103 (2013).[5]] ***See Descardes***[, 101 A.3d] at 108-09.  Because there was no remedy available to the defendant under the PCRA, the [Superior] Court concluded that "this is one of the rare instances where the PCRA fails to provide [a] remedy for the claim." ***Id.*** at 109.  Just as here, Descardes filed a [P]etition for *Coram Nobis* relief.  [The ***Descardes*** Court held that "b]ecause Descardes' specific ineffective assistance of counsel claim was not recognized until well after the time he had to file a timely PCRA petition, *coram nobis* review should be available to him." ***Id.***

Just like the defendant in ***Descardes***, [Jimenez] is not in custody or under supervision,[FN 2] and he would not be entitled to ***Padilla*** relief by virtue of the ruling in ***Chaidez***, and therefore[,] he has been rendered completely ineligible for PCRA relief.  Contrary to the Commonwealth's assertions that [the trial] court erred in ruling on the merits of [Jimenez's] Petition for Writ of *Coram Nobis*, the ***Descardes*** [C]ourt specifically found that it was *error*, under nearly identical circumstances, for the trial court to treat the defendant's *coram nobis* petition as a PCRA petition, holding, that "the trial court should have addressed his petition for a writ of *coram nobis*, not under the PCRA, but as a *coram nobis* petition." ***Id.*** (emphasis added). Therefore, we respectfully submit that, consistent with the ruling in ***Descardes***, it was appropriate to consider the merits of [Jimenez's] Petition for Writ of *Coram Nobis* under these unique circumstances, and moreover[,] that it would be improper treat the Petition as a request for relief under the PCRA.

> [FN 2] [***See Descardes***, 101 A.3d at 109 (stating that] "Descardes is no longer in custody, thus the PCRA provides no relief, but he continues to suffer the serious consequences of his deportation because of his state conviction."[); ***see also id.*** (explaining that the "writ of *coram nobis* … 'provides a way to collaterally attack a criminal conviction for a person … who is no longer 'in custody' and therefore cannot seek habeas relief ….'" (quoting ***Chaidez***, 133 S. Ct. at 1106 n.1).]

---

[5] We discuss below the implications of the ***Chaidez*** decision to Jimenez's claim for collateral relief, as well as the retroactivity of ***Padilla***.

- 7 -

Trial Court Memorandum, 2/18/15, at 3-5 (footnote and paragraph breaks added; footnotes and emphasis in original; other footnotes in original omitted). Upon review, we agree with the trial court's analysis and determination that, pursuant to **Descardes**, it would be improper to treat Jimenez's Petition for Writ of *Coram Nobis* as a request for relief under the PCRA.

Additionally, to the extent that the Commonwealth argues that "**Descar**[**d**]**es** was incorrectly decided," Brief for the Commonwealth at 11, we cannot ignore the binding precedent from an *en banc* decision of this Court.[6] **See** Pa.R.A.P. 3103 (providing that "[a]n opinion of the court *en banc* is binding on any subsequent panel of the appellate court in which the decision was rendered."); **see also Commonwealth v. Flowers**, 113 A.3d 1246, 1250 n.4 (Pa. Super. 2015) (noting that three-judge panel is bound by a prior *en banc* decision of this Court).

We next consider whether Jimenez is entitled to relief when his claim is addressed as one for *coram nobis* relief. **See Descardes**, 101 A.3d at 109. Three years after the **Padilla** decision, the United States Supreme Court, in **Chaidez**, limited **Padilla** by holding that it cannot be applied

---

[6] We observe that the Pennsylvania Supreme Court granted allowance of appeal in **Descardes**, to address the issue of whether the decision of the majority conflicts with prior Pennsylvania Supreme Court and Superior Court precedent. **See Commonwealth v. Descardes**, 101 A.3d 1207 (Pa. 2015); **see also Descardes**, 101 A.3d at 110-117 (Bowes, J. dissenting). However, while the appeal is pending, we are bound by **Descardes**.

retroactively. ***Chaidez***, 133 S. Ct. at 1113;[7] ***see also Descardes***, 101 A.3d at 109; ***Commonwealth v. Ghisoiu***, 63 A.3d 1272, 1274 (Pa. Super. 2013) (where the PCRA petitioner invoked ***Padilla***, claiming that his guilty plea counsel was ineffective for failing to advise him of the immigration consequences of his pleas, observing the ***Chaidez*** Court's holding that ***Padilla*** does not have retroactive effect). Thus, only convictions that occurred after ***Padilla*** was decided, on March 31, 2010, may be collaterally attacked based on criminal defense counsel's failure to provide advice concerning potential deportation consequences of a plea.

As noted above, the trial court, in its Memorandum, acknowledged the Supreme Court's holding in ***Chaidez***. ***See*** Trial Court Memorandum, 2/18/15, at 4 (wherein the court correctly observed that "***Padilla*** … was specifically held not to be retroactive under ***Chaidez***"). However, the trial court failed to address how ***Chaidez*** is not fatal to Jimenez's claim for collateral relief. Instead, the trial court engaged in a thorough discussion concerning its finding that plea counsel was ineffective for failing to inform Jimenez of the immigration consequences that arose as a result of his guilty

---

[7] In so holding, the ***Chaidez*** Court determined that ***Padilla*** created a new rule of law, rather than merely having applied existing precedent to a new set of facts. ***See Chaidez***, 133 S. Ct. at 1110-11.

plea. **See id.** at 5-13.[8] The trial court's rationale in this regard, however persuasive as it may be, is in conflict with **Descardes**, wherein this Court was presented with an identical substantive claim for *coram nobis* relief as the claim raised by Jimenez. **See Descardes**, 101 A.3d at 108-09 (stating that although "Descardes's claim … is, in broad terms, one of ineffective assistance of plea counsel, a claim that is explicitly within the purview of the PCRA[,] … Descardes's *exact* claim … is predicated upon the Supreme Court's holding in **Padilla** – that the Sixth Amendment requires defense counsel to advise defendant about the risk of deportation arising from a guilty plea." (emphasis in original)). Here, Jimenez's claim is likewise predicated upon **Padilla**. **See** Petition for Writ of *Coram Nobis*, 2/27/14, at ¶¶ 11-13; **see also** Brief for Appellee at 5 (asserting that Jimenez's "claim, in reliance on **Padilla**, asserts ineffectiveness of [plea] counsel"). Though the claim raised in **Descardes** was, "in broad terms, one of ineffective assistance of plea counsel," the Court did not treat the claim under the traditional ineffectiveness analysis, unlike the trial court in the instant matter. **Compare Descardes**, 101 A.3d at 108-09, **with** Trial Court Memorandum, 2/18/15, at 5-13. Rather, the **Descardes** Court clearly

---

[8] In sum, the trial court found that plea counsel was ineffective for the following reasons: (1) plea counsel did not personally discuss with Jimenez the written guilty plea colloquy that Jimenez had signed; rather, counsel delegated this important responsibility to his former administrative assistant, Diaz, who is not an attorney; and (2) neither Diaz nor plea counsel informed Jimenez that, if he pled guilty to possession of cocaine, he would be subjecting himself to mandatory deportation proceedings. **See** Trial Court Memorandum, 2/18/15, at 6-13.

announced that Descardes was not entitled to relief, on the merits of his claim, based upon the holding in **Chaidez**, *i.e.*, that **Padilla** does not apply retroactively. **See Descardes**, 101 A.3d at 109.

In the instant case, as in **Descardes**, because Jimenez's judgment of sentence became final approximately three years before the **Padilla** decision, he cannot use **Padilla's** recognition of a Sixth Amendment right to counsel, on immigration consequences of a guilty plea, to collaterally attack his 2007 plea. **See Descardes**, 101 A.3d at 109; **see also Chaidez**, 133 S. Ct. at 1113.[9]   Accordingly, though we are sympathetic with Jimenez's situation, we are constrained to rule that the trial court erred in granting the Petition for Writ of *Coram Nobis*, and permitting Jimenez to withdraw his guilty plea.[10]

---

[9] We have reviewed Jimenez's argument that **Chaidez** does not preclude him from obtaining relief under **Padilla**. **See generally** Brief for Appellee at 6-10; **see also id.** at 8 (relying upon this Court's decision in **Commonwealth v. Garcia**, 23 A.3d 1059, 1064 (Pa. Super. 2011), which *predated* **Chaidez**, and held that "the United States Supreme Court's Opinion in **Padilla** did not recognize a new 'constitutional right' as envisioned by our Legislature in enacting Subsection 9545(b)(1)(iii) [of the PCRA]."); **see also** Brief for Appellee at 9 (pointing out that "the Supreme Court of the United States has held that state courts may grant broader retroactive effect to a United States Supreme Court constitutional ruling. **See Danforth v. Minnesota**, 552 U.S. 264 (2008)."). Nevertheless, as mentioned above, we are bound by this Court's *en banc* decision in **Descardes**. **See** Pa.R.A.P. 3103; **see also Ghisoiu**, 63 A.3d at 1274 n.2 (observing that the **Chaidez** decision "calls into question this Court's decision in [] **Garcia**").

[10] Based upon our granting the Commonwealth relief, we need not address its second issue, challenging the trial court's determination that plea counsel was ineffective.

Order reversed. Case remanded for proceedings consistent with this Memorandum. Jurisdiction relinquished.

Judgment Entered.

Joseph D. Seletyn, Esq.
Prothonotary

Date: 11/2/2015