J-S09044-16

**NON-PRECEDENTIAL DECISION - SEE SUPERIOR COURT I.O.P. 65.37**

| | |
|---|---|
| COMMONWEALTH OF PENNSYLVANIA | IN THE SUPERIOR COURT OF PENNSYLVANIA |
| Appellee | |
| v. | |
| JESUS M. GARCIA | |
| Appellant | No. 1562 MDA 2015 |

Appeal from the PCRA Order August 25, 2015
In the Court of Common Pleas of Lebanon County
Criminal Division at No(s): CP-38-CR-0000829-2008

BEFORE:  PANELLA, J., LAZARUS, J., and JENKINS, J.

MEMORANDUM BY JENKINS, J.:                    **FILED JANUARY 29, 2016**

Appellant Jesus M. Garcia appeals from the order of the Lebanon County Court of Common Pleas dismissing as untimely his "motion for extraordinary relief to challenge the legality of the sentence," which the trial court treated as a petition for relief pursuant to the Post-Conviction Relief Act, 42 Pa.C.S. §§ 9541-9546.  We affirm.

On November 6, 2008, a jury found Appellant guilty of four counts of delivery of a controlled substance,[1] two counts of criminal conspiracy to deliver a controlled substance,[2] one count of criminal use of a

_____

[1] 35 P.S. § 780-113(a)(30).

[2] 18 Pa.C.S. § 903(a)(1), (a)(2).

communication facility,[3] one count of corrupt organizations,[4] and one count of conspiracy to commit corrupt organization.[5] On January 28, 2009, the trial court sentenced Appellant to an aggregate sentence of 25 to 52 years' imprisonment. This Court affirmed Appellant's conviction but remanded the case to the trial court for re-sentencing. *Commonwealth v. Garcia*, No. 437 MDA 2009, at 22-25 (Pa.Super. filed Dec. 24, 2009) (unpublished opinion). We found the trial court imposed a maximum sentence that exceeded the statutory maximum on two counts. *Id.* On May 5, 2010, the trial court re-sentenced Appellant to 25 to 40 years' imprisonment. On May 9, 2011, this Court affirmed the judgment of sentence. On April 10, 2012, the Supreme Court of Pennsylvania denied Appellant's petition for allowance of appeal.

On April 30, 2012, Appellant filed a PCRA petition, which was amended on September 12, 2012. The PCRA court conducted a hearing and, on March 13, 2013, denied Appellant's PCRA petition. This Court affirmed that denial and the Supreme Court denied Appellant's petition for allowance of appeal.

On July 10, 2015, Appellant filed a "motion for extraordinary relief to challenge the legality of the sentence, to be unconstitutional pursuant to 42

---

[3] 18 Pa.C.S. § 7512(a).

[4] 18 Pa.C.S. § 911(b)(3).

[5] 18 Pa.C.S. § 911(b)(4).

Pa.C.S.A. §5505 *et seq*." The trial court treated this motion as a second PCRA petition[6] and, on April 25, 2015, denied the petition as untimely. Appellant filed a timely notice of appeal. Both Appellant and the trial court complied with Pennsylvania Rule of Appellate Procedure 1925.[7]

Appellant raises the following issues on appeal:

> [1.] Did the Lower Court Err in dismissing Appellant's Motion for Extraordinary Relief to Challenge the Legality of the Sentence, to be Unconstitutional Pursuant to 42 Pa.C.S.A. §5505, et seq. In violation of the 6th and 14th Amendments do to the mandatory minimum sentence/provisions/statute that were applied were rendered unconstitutional.

---

[6] The PCRA court properly treated Appellant's motion for extraordinary relief as his second PCRA petition. The PCRA provides: "The action established in this subchapter shall be the sole means of obtaining collateral relief and encompasses all other common law and statutory remedies for the same purpose that exist when this subchapter takes effect, including *habeas corpus* and *coram nobis*." 42 Pa.C.S. § 9542. If the petitioner's claim is cognizable under the PCRA, a petitioner "may only obtain relief under the PCRA." **Commonwealth v. Descardes**, 101 A.3d 105, 108 (Pa.Super.2014) (quoting **Commonwealth v. Pagan**, 864 A.2d 1231, 1233 (Pa.Super.2004)) (emphasis deleted). Claims challenging a petitioner's sentence are cognizable on PCRA. **See, e.g., Commonwealth v. Infante**, 63 A.3d 358, 365 (Pa.Super.2013) (PCRA provides sole means for collateral review of judgment of sentence); **Commonwealth v. Fowler**, 930 A.2d 586, 592 (Pa.Super.2007) (challenge to legality of sentence tied to filing of timely PCRA petition); **Commonwealth v. Guthrie**, 749 A.2d 502, 503 (Pa.Super.2000) (PCRA is only vehicle to address legality of sentence after direct appeal, or after time for filing direct appeal expires). Accordingly, the PCRA court properly treated Appellant's motion for extraordinary relief as a second PCRA petition.

[7] On October 1, 2015, the trial court issued an order adopting its August 25, 2015 opinion as its Rule 1925(a) opinion.

[2.] Did the Lower Court Err in dismissing the Motion for Extraordinary Relief to Challenge the Legality of the Sentence of 25 years to 40 years, imposing three consecutive mandatory minimum sentences.

Appellant's Brief at 3 (verbatim).

Before we address the merits of Appellant's PCRA petition, we must first determine whether the petition is timely. The PCRA provides that a petition, "including a second or subsequent petition, shall be filed within one year of the date the judgment becomes final." 42 Pa.C.S. § 9545(b)(1); *accord Commonwealth v. Monaco*, 996 A.2d 1076, 1079 (Pa.Super.2010). A judgment is final "at the conclusion of direct review, including discretionary review in the Supreme Court of the United States and the Supreme Court of Pennsylvania, or at the expiration of time for seeking the review." 42 Pa.C.S. § 9545(b)(3).

Three exceptions to the PCRA's time-bar exist. The exceptions allow for limited circumstances under which a court may excuse the late filing of a PCRA petition. *Monaco*, 996 A.2d at 1079; 42 Pa.C.S. § 9545(b)(1). The late filing of a petition will be excused if a petitioner alleges and proves:

(i) the failure to raise the claim previously was the result of interference by government officials with the presentation of the claim in violation of the Constitution or laws of this Commonwealth or the Constitution or laws of the United States;

(ii) the facts upon which the claim is predicated were unknown to the petitioner and could not have been ascertained by the exercise of due diligence; or

(iii) the right asserted is a constitutional right that was recognized by the Supreme Court of the United

> States or the Supreme Court of Pennsylvania after the time period provided in this section and has been held by that court to apply retroactively.

42 Pa.C.S. § 9545(b)(1)(i)-(iii). When invoking a time-bar exception, the petition must "be filed within 60 days of the date the claim could have been presented." 42 Pa.C.S. § 9545(b)(2).

Appellant's judgment of conviction became final on July 9, 2012, when the time to file a petition for a writ of certiorari with the Supreme Court of the United States expired. *Commonwealth v. Wilson*, 911 A.2d 942, 745 (Pa.Super.2006); 42 Pa.C.S. § 9545(b)(3); U.S. Sup. Ct. R. 13.1 (allowing 90 days for the filing of writ of certiorari in the Supreme Court of the United States). He had one year from that date, until July 9, 2013, to file a timely PCRA petition. Therefore, his current petition, filed on July 10, 2015, is facially untimely.

Appellant relies on *Alleyne v. United States*, --- U.S. ---, 133 S.Ct. 2151, 2158, 186 L.Ed.2d 314 (2013), to allege he qualifies for the new-constitutional-right exception to the PCRA time-bar. We disagree. In *Alleyne*, the Supreme Court of the United States found "[f]acts that increase the mandatory minimum sentence are . . . elements and must be submitted to the jury and found beyond a reasonable doubt." *Alleyne*, --- U.S. ---, 133 S.Ct. at 2158. This was an extension of the *Apprendi v. New Jersey*, 530 U.S. 466, 120 S.Ct. 2348, 147 L.Ed.2d 435 (2000), line of Supreme Court of United States cases. *Commonwealth v. Miller*, 102 A.3d 988, 994 (Pa.Super.2014).

In **Miller**, this Court found that, even if **Alleyne** announced a new constitutional right, "neither our Supreme Court, nor the United States Supreme Court has held that **Alleyne** is to be applied retroactively to cases in which the judgment of sentence had become final." 102 A.3d at 995.[8] Because the Supreme Court of Pennsylvania and the Supreme Court of the United States have not held that **Alleyne** applies to cases on collateral review, Appellant cannot satisfy the new-constitutional-right exception to the PCRA time-bar. **See** 42 Pa.C.S. § 9545(b)(1)(iii); **Miller**, 102 A.3d at 995. Further, the Supreme Court of the United States decided **Alleyne** on June 17, 2013. Appellant did not file his current petition until November 12, 2014, which is more than 60 days after June 17, 2013, the date he could have discovered the claim. **See** 42 Pa.C.S. § 9545(b)(2) ("Any petition invoking an exception provided in paragraph (1) shall be filed within 60 days of the date the claim could have been presented."); **Commonwealth v. Boyd**, 923 A.2d 513, 517 (Pa.Super.2007) ("[w]ith regard to an after-

---

[8] Appellant relies on **Commonwealth v. Hopkins**, 117 A.3d 247 (Pa.2015). Appellant's Brief at 8-12. **Hopkins**, however, is inapplicable. In **Hopkins**, the Supreme Court of Pennsylvania found the mandatory minimum sentence contained in 18 Pa.C.S. § 6317(a) was unconstitutional pursuant to **Alleyne** and remanded the case, which was on direct appeal, for re-sentencing. **Hopkins**, 117 A.3d at 249. **Hopkins** did not address whether **Alleyne** applied retroactively to cases on collateral review. Unlike the appellant in **Hopkins**, Appellant has completed his direct appeal and is seeking to apply **Alleyne** on collateral review.

recognized constitutional right, . . . the sixty-day period begins to run upon the date of the underlying judicial decision").[9]

Accordingly, Appellant's PCRA petition, captioned as a motion for extraordinary relief, is time-barred and he fails to establish any exception to the PCRA time-bar. The PCRA court did not abuse its discretion in dismissing the petition as untimely.

Order affirmed.

Judgment Entered.

_____
Joseph D. Seletyn, Esq.
Prothonotary


Date: 1/29/2016

---

[9] To the extent Appellant argues his legality of sentence claim cannot be waived, this argument fails. Although a challenge to the legality of sentence "is always subject to review within the PCRA, claims must still first satisfy the PCRA's time limits or one of the exceptions thereto." **See Infante**, 63 A.3d at 365. If a PCRA petition is untimely, the court lacks the jurisdiction to hear any claim, including a legality of sentence challenge. **Id.**