J-S28017-16

**NON-PRECEDENTIAL DECISION - SEE SUPERIOR COURT I.O.P. 65.37**

| COMMONWEALTH OF PENNSYLVANIA | IN THE SUPERIOR COURT OF PENNSYLVANIA |
|---|---|
| Appellee | |
| v. | |
| JOHN SAFAROWICZ | |
| Appellant | No. 1390 EDA 2015 |

Appeal from the Order April 6, 2015
In the Court of Common Pleas of Philadelphia County
Criminal Division at No(s): CP-51-CR-0008648-2009

BEFORE:  BOWES, J., LAZARUS, J., and PLATT, J.[*]

MEMORANDUM BY LAZARUS, J.:                 **FILED MAY 04, 2016**

John Safarowicz appeals, *pro se*, from the order of the Court of Common Pleas of Philadelphia County that denied his petition for writ of *coram nobis*.  After careful review, we affirm.

This case began with an investigation by the Internal Affairs Division of the Philadelphia Police Department that culminated in the arrest of Safarowicz, a Philadelphia police officer.  On June 4, 2010, a jury convicted Safarowicz of two counts terroristic threats, one count of official oppression and one count of criminal mischief.  On July 16, 2010, the court sentenced Safarowicz to concurrent terms of two years' probation for each of the

---

[*] Retired Senior Judge assigned to the Superior Court.

terroristic threats convictions with no further penalty for the remaining offenses.

The trial court set forth the subsequent procedural history of the case as follows:

On August 2, 2010, [Safarowicz] filed an appeal. On September 15, 2010, the [c]ourt issued a Pa.R.A.P. 1925(b) order directing [Safarowicz] to file a statement of [errors] complained of on appeal.

On November 29, 2010, [Safarowicz] filed a Petition to Submit Statement Pursuant to Pa.R.A.P. 1925(b) *Nunc Pro Tunc*, and a Statement of Errors Complained of on Appeal Pursuant to Pa.R.A.P. 1925(b) *Nunc Pro Tunc*." On December 14, 2010, the trial court granted the petition, and on January 31, 2011 filed its opinion. On January 3, 2012, [Safarowicz] filed a Petition for Allowance of Appeal to the Supreme Court of Pennsylvania. On May 1, 2012, the Supreme Court of Pennsylvania denied [Safarowicz's] Petition.

On June 14, 2012, [Safarowicz] filed a Petition for Post Conviction Relief. On September 11, 2012, the Commonwealth filed a Petition to Dismiss [Safarowicz's] Petition [because Safarowicz was no longer serving a sentence]. On October 1, 2012, [Safarowicz] filed a response to the Commonwealth's Motion to Dismiss. After a hearing on January 3, 2013, the court determined there was no merit to Safarowicz's PCRA petition and sent a [Pa.R.Crim.P.] 907 letter to Safarowicz notifying him of the court's intent to dismiss the PCRA petition at the next court listing. On January 4, 2013, the court sent the [Rule] 907 letter and relisted the case for dismissal on February 7, 2013.

On February 7, 2013, [Safarowicz] noted that the identical due process issue that he raised in his PCRA Petition before the court was before the Pennsylvania Supreme Court in ***Commonwealth v. Turner***, 80 A.3d 754 (Pa. 2013), and he requested this court not to dismiss his PCRA petition until the Supreme Court decided ***Turner***. The PCRA court agreed to defer its decision since the Supreme Court was in the process of deciding ***Turner***.

The Pennsylvania Supreme Court decided ***Turner*** on November 22, 2013, holding that due process does not require the

legislature to continue to provide collateral review when the offender is no longer serving a sentence.[8]

> [8] In **Turner**, the Supreme Court of Pennsylvania decided that conditioning the availability of post-conviction relief on whether the petitioner is currently serving a sentence is not unconstitutional because without a sentence, the petitioner has no liberty interest in collateral review of that sentence.

On December 3, 2013, the Commonwealth filed a Supplemental Motion to Dismiss, and on December 4, 2013, [Safarowicz] filed a response to the Commonwealth's Supplemental Motion. On December 6, 2013, the PCRA court held a hearing and granted the Commonwealth's Motion to Dismiss. On December 30, 2013, [Safarowicz] filed an appeal.

On February 24, 2014, the Superior Court granted [Safarowicz's] PCRA attorney Jonathan Sobel's withdrawal, and remanded the case to the PCRA court to determine [Safarowicz's] eligibility for court-appointed counsel. On February 25, 2014, [Safarowicz] sent a letter to the Superior Court indicating he wanted to proceed *pro se*, and on April 4, 2014, the PCRA court filed its opinion.[9]

> [9] The court held that the Post Conviction Relief Act requirement that a petitioner be serving a sentence in order to be eligible for collateral relief is not unconstitutional because it does not violate the petitioner's due process rights, nor does it deny the petitioner an opportunity for relief.

On July 3, 2014, Attorney Raymond Roberts entered an appearance for [Safarowicz]. On July 21, 2014, the Superior Court remanded the case for the PCRA court to hold a **Grazier** hearing within 60 days to determine whether [Safarowicz's] waiver of counsel was knowing, intelligent, and voluntary. The court held the **Grazier** hearing on August 27, 2014, and on September 18, 2014 notified the Superior Court that [Safarowicz] had knowingly, intelligently, and voluntarily waived his right to counsel for the appeal.

On January 28, 2015, the Superior Court affirmed the court's decision [of] December 6, 2013 dismissing [Safarowicz's] PCRA petition. On February 9, 2015, [Safarowicz] filed a Petition for Writ of Error *Coram Nobis*. On April 6, 2015, the court denied

[Safarowicz's] Petition by way of an order. On May 5, 2015, [Safarowicz] filed this appeal.

Trial Court Opinion, 10/27/15, at 2-5.

On appeal, Safarowicz raises the following issues for our review:

1. Whether [Safarowicz] is entitled to relief under writ of error of *coram nobis*.

2. Whether the dismissal of the writ of error *coram nobis* violates the Fifth, Sixth, Eight and Fourteenth Amendments to the United States Constitution and the corresponding provisions of the Pennsylvania Constitution in that the unavailability at the time of exculpatory evidence that has subsequently become available [] would have changed the outcome of the trial if it had been introduced.[1]

Appellant's Brief, at 8.

Initially, we note that the substance of Safarowicz's petition is that the Commonwealth committed a **Brady**[2] violation by failing "to disclose the existence of an agreement between the Philadelphia District Attorney's Office, John L. Benham, JoAnn Benham, Ryan Brody, Shane Brody, Jocelyn Hayes and Brian Grady, Esquire. The suppression of this favorable evidence severely prejudiced Petitioner." Petition for Writ of Error *Coram Nobis*, 8/27/14, at 8. He argues that pursuant to the agreement, charges against the Brodys and Hayes for their assault on Safarowicz's brother-in-law,

---

[1] We note that but for the substitution of the term "writ of error of *coram nobis*" for the term "PCRA," this is the same issue Safarowicz raised in his appeal of the order dismissing his PCRA petition. **See Commonwealth v. Safarowicz**, No. 74 EDA 2014, unpublished memorandum at 6 (Pa. Super. filed January 29, 2015).

[2] **Brady v. Maryland**, 373 U.S. 83 (1963).

Benham, would be dismissed or reduced if Thomas Maisch (Ryan's roommate) and Sarah Livingston (Ryan's fiancée) agreed not to press charges against Safarowicz for assaulting them. *Id.* at 6.

The determinative threshold issue in this case is whether Safarowicz is eligible for *coram nobis* relief. Like the trial court, we believe he is not.

In addressing Safarowicz's argument, we must be mindful of section 9542 of the PCRA, which provides in relevant part:

> This subchapter provides for an action by which persons convicted of crimes they did not commit and persons serving illegal sentences may obtain collateral relief. The action established in this subchapter shall be the sole means of obtaining collateral relief and encompasses all other common law and statutory remedies for the same purpose that exist when this subchapter takes effect, including habeas corpus and coram nobis.

42 Pa.C.S. § 9542.

Recently, in **Commonwealth v. Descardes**, No. 27 MAP 2015, 2016 WL 1249964 (Pa. March 29, 2016) (**Descardes II**), our Supreme Court addressed the unavailability of *coram nobis* relief where a claim is cognizable under the PCRA but the petitioner is ineligible for relief because he has completed his sentence.

In 2006, Descardes, a Haitian national, pled guilty to insurance fraud and conspiracy to commit insurance fraud. Prior to pleading guilty, Descardes was not informed that deportation was a collateral consequence of his plea under the Immigration and Naturalization Act, 8 U.S.C. § 1227(a)(2)(A)(iii). On November 20, 2006, he was sentenced to one year of

probation and a fine. He did not appeal the judgment of sentence. He completed his sentence in November 2007. In 2009, he left the United States on personal business, and when he attempted to return, he was denied reentry due to his felony conviction.

In December 2009, Descardes filed a petition for *coram nobis*, asserting trial counsel ineffectiveness for failing to inform him that deportation was a collateral consequence of his plea. He sought to have his conviction vacated and to withdraw his guilty plea. The trial court treated the request as a PCRA petition, which it dismissed as untimely. The court further noted that under **Commonwealth v. Frometa**, 555 A.2d 92 (Pa. 1989), counsel could not be held ineffective for failing to warn Descardes of the collateral consequences of his guilty plea, including deportation.

On May 26, 2010, Descardes filed a second *coram nobis* petition based on **Padilla v. Kentucky**, 559 U.S. 536 (2010), where, on March 31, 2010, the United States Supreme Court held that counsel is obligated to inform a defendant that the offense he is pleading guilty to will result in deportation, thereby abrogating **Frometa**. The trial court treated the petition as a timely filed first PCRA petition, concluding that it fell within the exception to the one-year time limitation because Descardes was asserting a newly recognized constitutional right that he argued applied retroactively. **See** 42 Pa.C.S. § 9545(b)(1)(iii). The trial court vacated Descardes' conviction and ordered that his guilty plea be withdrawn.

The Commonwealth appealed to this Court. **See Commonwealth v. Descardes**, 101 A.3d 105 (Pa. Super. 2014) (**Descardes I**). The *en banc* majority opinion authored by Judge Panella, determined that the trial court erred by treating the *coram nobis* petition as a PCRA petition because Descardes had completed his sentence. However, the majority concluded that because the PCRA did not provide a remedy for Descardes' claim, the trial court should have treated his petition as a *coram nobis* petition.

Nevertheless, because the United States Supreme Court held in **Chaidez v. United States**, -- U.S. --, 133 S.Ct. 1103 (2013), that the new rule announced in **Padilla** did not apply retroactively, the majority reversed the trial court's order and remanded for further proceedings.

Judge Bowes authored a concurring and dissenting opinion in which she explained that where a claim, such as Descardes' claim of ineffective assistance of counsel, is cognizable under the PCRA, the statute is the sole means of obtaining collateral relief. "Simply put, so long as the issue could have been leveled in a PCRA petition . . . the person is foreclosed from seeking relief via a common law writ, even though PCRA relief is no longer available or the person was not entitled to a remedy under the statute." **Descardes I**, at 115 (Bowes, J. concurring and dissenting).

The Commonwealth sought allowance of appeal, which our Supreme Court granted. The Court vacated the judgment below and dismissed Descardes' petition, noting:

This Court has consistently held that, pursuant to the plain language of Section 9542, where a claim is cognizable under the PCRA, the PCRA is the only method of obtaining collateral review. *See* [*Commonwealth v.*] *Ahlborn*[, 699 A.2d 718 (Pa. 1997)]; [*Commonwealth v.*] *Peterkin*[, 722 A.2d 638 (Pa. 1998); [*Commonwealth v.*] *Hall*[, 771 A.2d 1232 (Pa. 2001)]; *see also Commonwealth v. Turner*, 80 A.3d 754, 770 (Pa. 2013) ("The PCRA at Section 9542 subsumes the remedies of habeas corpus and *coram nobis*."). It is equally well established that Appellee's claim of ineffective assistance of plea counsel, which is based on counsel's failure to advise him of the collateral consequences of his plea was cognizable under the PCRA.

. . .

Moreover, the fact that Appellee's claim, had he raised it while still serving his sentence, would likely have been held to be meritless under *Frometa*, the prevailing law at the time, does not mean that the claim was not **cognizable** under the PCRA. Indeed, . . . it clearly was. The fact that there was no legal **support** for Appellee's ineffectiveness claim until after the time period for filing a PCRA petition had expired does not remove the claim itself from the purview of the PCRA.

*Descardes II*, at *7 (emphasis in original).

Like a claim of ineffective assistance of counsel, a claim that the

Commonwealth committed a *Brady* violation is cognizable under the PCRA.

In addition to the various showings necessary to establish cognizability under the PCRA (in these instances, those governing the presentation of previously unavailable exculpatory evidence, 42 Pa.C.S.A. §9543(a)(2)(vi)), to establish a *Brady* violation Appellant must demonstrate that the prosecution suppressed evidence and, in so doing, prejudiced Appellant. *Commonwealth v. Paddy*, 800 A.2d 294, 305 (Pa. 2002).

*Commonwealth v. Dennis*, 950 A.2d 945, 966. Indeed, in his PCRA

petition Safarowicz raised a *Brady* violation. PCRA Petition, 6/14/12, at 9-

14.

- 8 -

Because Safarowicz's **Brady** claim was cognizable under the PCRA, it is clear pursuant to **Descardes II** that the PCRA is his sole means of obtaining collateral relief. Accordingly, the trial court properly denied Safarowicz's *coram nobis* petition.

Order affirmed.

Judgment Entered.

Joseph D. Seletyn, Esq.
Prothonotary

Date: 5/4/2016